532 So.2d 1348 (1988)
T. Erwin SATCHWELL, III, Appellant,
v.
LaQUINTA MOTOR INNS, INC., Appellee.
No. 87-472.
District Court of Appeal of Florida, First District.
November 2, 1988.
John W. Pafford, of Penland, Penland & Pafford, P.A., Jacksonville, for appellant.
Charles Cook Howell, Jr., and John Moffitt Howell, of Howell and Howell, P.A., Neptune Beach, for appellee.
PER CURIAM.
Appellant, plaintiff below, brings this appeal from the trial court's order directing a verdict in favor of appellee, the defendant below. Two issues are raised for our consideration: (1) whether the trial court erred in excluding evidence of prior criminal activity that occurred on appellee's premises some sixty days prior to the crime committed against appellant; and (2) whether the trial court erred in granting appellee's motion for directed verdict. We affirm.
On February 3, 1984, appellant checked into appellee's motel. Around 11:15 p.m., while carrying his bags into his room, he was attacked, beaten, and robbed while in his room, the assailants having entered the room through the door appellant had left open behind him.
Appellant filed a complaint alleging one count of negligence and one count of punitive damages. In the complaint, appellant alleged that appellee had breached its duty to provide lodging which was reasonably safe from foreseeable criminal conduct of third persons by failing to provide adequate security on the premises for the protection of persons lawfully on the premises, and as a direct and proximate result of that negligence, appellant was attacked, beaten, and robbed while in his room that had been assigned to him.
During trial, the judge excluded testimony concerning an incident in December 1983 when a car was stolen from the inn's parking lot. The trial judge sustained the objection to that testimony on the basis that it was an isolated incident not probative to show actual or constructive knowledge or foreseeability. (The evidence was subsequently allowed in solely for impeachment purposes.) Thereafter, the testimony *1349 revealed that on the night of the attack, the night auditor was on duty assisting new guests and occasionally walking the area as security. It was also shown that the lighting outside of the building which housed appellant's room consisted of four inch by ten inch yellow lights situated every two rooms and that the inn was adjacent to relatively wooded and undeveloped property. Finally, there was testimony concerning past encounters by the innkeeper with vagrants who had been discovered sleeping in a trash can area on the perimeter of the premises and that, in the past, appellee had utilized two security guards during times of heavy business.
At the close of appellant's case, appellee moved for a directed verdict which was granted. The trial judge was of the opinion that the evidence was insufficient for him to conclude as a matter of law that a reasonable person could say it was foreseeable that appellant would have been robbed and beaten the night in question.
As a motel operator, appellee was under a continuing legal duty to its business invitees to use ordinary care to keep the premises in a reasonably safe condition and protect them from harm due to reasonably foreseeable risks of injury. Paterson v. Deeb, 472 So.2d 1210 (Fla. 1st DCA 1985); Kolosky v. Winn-Dixie Stores, Inc., 472 So.2d 891 (Fla. 4th DCA 1985), review denied, 482 So.2d 350 (Fla. 1986); Orlando Executive Park, Inc. v. P.D.R., 402 So.2d 442 (Fla. 5th DCA 1981), affirmed, 433 So.2d 491 (Fla. 1983). Whether appellee was under a duty to provide security guards and other precautions to prevent the criminal attack upon appellant by third parties on a particular occasion turns on whether it was reasonably foreseeable that such attacks would occur in the absence of such precautions; "If the criminal attack is not foreseeable, no duty arises." Orlando Executive Park, Inc. v. P.D.R., 402 So.2d at 446. See also, Hall v. Billy Jack's, Inc., 458 So.2d 760, 761 (Fla. 1984).
This foreseeability requirement has often been met by proving that the proprietor knew or should have known of the dangerous propensities of a particular patron.... But specific knowledge of a dangerous individual is not the exclusive method of proving foreseeability. It can be shown by proving that a proprietor knew or should have known of a dangerous condition on his premises that was likely to cause harm to a patron... .
"The extent of the defendant's duty is circumscribed by the scope of the anticipated risks to which the defendant exposes others. In order to prevail in a lawsuit, the plaintiff must demonstrate that he is within the zone of risks that are reasonably foreseeable by the defendant."
Stevens v. Jefferson, 436 So.2d 33, 34-35 (Fla. 1983), quoting Crislip v. Holland, 401 So.2d 1115, 1117 (Fla. 4th DCA 1981). While foreseeability of such risks requires reasonable precautionary measures that will deter crime generally, such measures "cannot reasonably be expected to prevent all crime or any one specific criminal act." Reichenbach v. Days Inn of America, Inc., 401 So.2d 1366, 1368 (Fla. 5th DCA 1981), review denied, 412 So.2d 469 (Fla. 1982). Factors to be considered in proving foreseeability include: (1) industry standards, (2) community crime rate, (3) extent of assaults or criminal activity in the area or in similar business enterprises, and (4) the presence of suspicious persons and the peculiar security problems posed by the premises design. Orlando Executive Park, Inc. v. P.D.R., 402 So.2d at 447. Proof of these factors may be, and often is, presented through expert testimony. Of course, proof of prior similar incidents is pertinent but not essential to establishing foreseeability. Paterson v. Deeb, 472 So.2d at 1219-20.
With these principles in mind, we turn to the case before us. Initially, we agree with appellant that it was error for the trial judge to exclude the testimony regarding prior criminal activities that had taken place on the premises. Nonetheless, that error was harmless. Even considering that testimony, we agree with the trial judge's evaluation of the evidence presented in appellant's case in chief that appellant failed to make out a prima facie case for submission to the jury. Although, as a *1350 general rule, the issue of foreseeability in a negligence action is a question for the jury, where the basic underlying facts are completely without dispute, Rubin v. Brutus Corporation, 487 So.2d 360 (Fla. 1st DCA 1986), and those facts point to but one possible conclusion, Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA 1981), the issue of foreseeability may be decided by the court as a matter of law. See Highlands Insurance Company v. Gilday, 398 So.2d 834 (Fla. 4th DCA), review denied, 411 So.2d 382 (Fla. 1981); Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980). We may hypothesize, without significant fear of contradiction, that without adequate security precautions sooner or later a motel guest at almost any motel located near an interstate highway will be subjected to a criminal attack by third persons. But such hypothesis is not a legal presumption, and it does not carry a plaintiff's burden of proof in actions such as this. The critical question is not whether the defendant motel operator knew or should have known that a criminal attack against a guest would occur on a particular occasion, but whether the motel operator knew or should have known, in light of all the attendant circumstances, that the risk of such criminal conduct taking place would be unreasonably high without the motel taking security precautions against such conduct.
In this case, appellant presented little, if any, evidence to make this showing. Apart from the single episode of the stolen car, appellant presented no evidence of any significant criminal activity against motel guests within five miles of the location of this motel. The evidence concerning the hiring of security guards from time to time was predicated on the need to police unruly partying guests rather than the need to protect against the criminal acts of trespassers. Appellant called no expert witness, and did not present evidence of reasonable precautions that a motel operator in the position of appellee should have taken under the circumstances, nor did appellant establish how the facts and circumstances of this case gave rise to the appellee's actual or constructive knowledge of any danger to motel guests from third party criminal assaults. Appellant presented no evidence that appellee violated any generally accepted industry standards, or that the design of appellee's premises posed any peculiar security problems, or that suspicious persons had been present on the premises of appellee on prior occasions. In short, appellant simply failed to adduce evidence of facts that should have placed appellee on notice that its guests were foreseeably subject to criminal attack by third parties. Accordingly, the trial court had no choice but to enter a directed verdict for appellee.
AFFIRMED.
SHIVERS, WIGGINTON and ZEHMER, JJ., concur.