584 So.2d 630 (1991)
Shelley Jo SCHMIDT, Appellant,
v.
TOWERS CONSTRUCTION COMPANY OF PANAMA CITY, a Florida Corporation, Appellee.
No. 90-2765.
District Court of Appeal of Florida, First District.
August 9, 1991.
*631 Larry A. Bodiford, of Hutto, Nabors, Bodiford and Warner, Panama City, for appellant.
Marcia Davis, of Barron, Redding, Hughes, Fite, Bassett & Fensom, P.A., Panama City, for appellee.
WIGGINTON, Judge.
Appellant, plaintiff below, brings this appeal from a final summary judgment entered in favor of appellee/defendant. The issue is whether the trial court committed reversible error in entering final summary judgment in favor of appellee where there remains a genuine issue of material fact as to whether appellee breached its duty to provide adequate security to plaintiff.
The undisputed facts show that appellee was the owner and developer of certain townhouses known as Gulf Highlands Beach Resort. Appellant's parents, not parties to this appeal, contracted with appellee to purchase a townhouse. Shortly thereafter, appellant became a tenant of her parents and resided in the townhouse. While there, appellant was the victim of a criminal intruder when, upon realizing that someone was in her home, she jumped from the second story balcony and sustained injury. She brought a four-count complaint, in Count III of which she sued appellee for personal injury. (Counts I, II and IV, naming Panama City Beach as a party, were dismissed with prejudice.)
Appellee thereafter brought its motion for summary judgment maintaining that it was not responsible for the unforeseeable criminal acts of an unknown assailant. It was revealed that appellee, as the developer, still controlled the streets within Gulf Highlands leading to the townhouse rented by appellant. Electronic security gates controlled ingress and egress to the complex and were a motivating factor in the purchase of the townhouse by appellant's parents.
Appellee filed the affidavit of Janice Gay Briggs stating that the advertising brochure listing the electronic security gates was not printed and published until April 29, 1988, approximately a year and one-half after the purchase of the townhouse. However, in paragraph 15E of the complaint, appellant alleged appellee advertised in its sales brochures that the resort provided electronic security gates. In its answer to paragraph 15E, appellee admitted the allegation. Appellant also filed with the court opposing affidavits stating the language in the sales brochure speaking to electronic security gates was in appellee's sales literature prior to the date her parents entered into any contract with appellee for the purchase of the townhouse. She did, however, stipulate in court at the summary judgment hearing that to her knowledge no criminal activity had ever been reported in Gulf Highlands. Nevertheless, the affidavit of Clay Smith, property manager at Gulf Highlands Beach Resort at the time, indicated that security had been a concern for many of the residents. The affidavit also states it was Smith's intent that the security gate would therefore be closed at night.
In entering summary judgment, the trial court noted that the record demonstrated no criminal activity had ever been reported at Gulf Highlands prior to the incident in the instant case. The court also observed the general rule in Florida that the landowner has a duty to protect an individual on his premises from a criminal attack that is reasonably foreseeable. The court then found that as there was no evidence in the record that appellee had actual or constructive knowledge of any criminal activity at Gulf Highlands, it may not be held liable for the injury sustained by appellant because "as a matter of law, the criminal acts of an unknown third person were not foreseeable." For the following reasons, we reverse.
*632 As appellant argues, even though she stipulated that to her knowledge no criminal activity had ever been reported at Gulf Highlands, this should not have ended the inquiry. Rather, issues of material fact are raised by the alleged sales brochures regarding the provision of electronic security gates, as well as by the affidavit of Clay Smith acknowledging residents' concerns over unauthorized persons cutting through the complex and the promise to provide security gates for that reason.
In Paterson v. Deeb, 472 So.2d 1210 (Fla. 1st DCA 1985), this court expressed its reluctance to accord a landlord "one free ride" and sacrifice the first victim's right to safety "upon the altar of foreseeability," by "slavishly adhering to the now-discredited notion that at least one criminal assault must have occurred on the premises before the landlord can be held liable." Id. at 1218-1219. Satchwell v. La Quinta Motor Inns, Inc., 532 So.2d 1348 (Fla. 1st DCA 1988) is not inapposite. First, Satchwell involved a motion for directed verdict rather than a motion for summary judgment. Moreover, in contrast to the unique circumstances in Satchwell, the facts at this juncture, as is generally the case, do not point "to but one possible conclusion," thereby removing the issue of foreseeability from the jury. In Satchwell, the "critical question" was whether the motel operator knew or should have known in spite of all the attendant circumstances, that the risk of criminal conduct taking place would be unreasonably high without the motel's taking security precautions against such conduct. The opinion recognized, citing to Deeb, that "proof of similar incidents is pertinent but not essential to establishing foreseeability." 532 So.2d at 1349. Indeed, among the factors enumerated by the court to be considered in proving foreseeability was "the presence of suspicious persons and the peculiar security problems posed by the premises design." Id. In the instant case, the affidavit of Clay Smith indicates that appellee could have been aware of a risk of criminal conduct and the need for taking security precautions against such conduct by closing the security gates.
In short, appellee has failed to carry its burden of proving the nonexistence of a genuine issue of material fact. Consequently, the final summary judgment is REVERSED and the cause is REMANDED for further proceedings.
ALLEN and WOLF, JJ., concur.