664 So.2d 1095 (1995)
Christopher Lee HARDY, Appellant,
v.
PIER 99 MOTOR INN, Michael Lee Duncan and David Stallings, Appellees.
No. 93-3713.
District Court of Appeal of Florida, First District.
December 8, 1995.
*1096 Timothy M. Warner of Burke & Blue, P.A., Panama City, for Appellant.
James B. Fensom of Barron, Redding, Hughes, Fite, Bassett & Fensom, P.A., Panama City, for Appellees Pier 99 Motor Inn and Michael Lee Duncan.
VAN NORTWICK, Judge.
Christopher Lee Hardy seeks reversal of a final summary judgment rendered in his negligence suit against Pier 99 Motor Inn, Michael Lee Duncan and David Stallings for injuries sustained when Hardy was stabbed by Stallings in the parking lot of Pier 99, while Duncan was on duty as a security guard. Because we conclude that issues of material fact remain concerning whether the stabbing incident was foreseeable, we reverse the summary judgment as to Pier 99. We affirm the summary judgment as to Duncan.
In March 1991, Hardy, a Georgia resident, travelled to Panama City with his sister to spend spring break with some friends who had arrived at the Pier 99 Motor Inn earlier. Hardy was returning to the hotel parking lot from his room when, according to his complaint, he happened into an altercation between his friend and a stranger. After the stranger, David Stallings, stabbed appellant's friend, Hardy and Stallings brawled. Hardy sustained a serious stab wound; his friend suffered fatal injuries.
Hardy, and his sister who witnessed the attack, later brought suit against Stallings, Pier 99, and Michael Lee Duncan, the security *1097 guard on duty at the time of the attack.[1] The complaint sought compensatory and punitive damages for negligence, alleging in part that Pier 99 hired poorly trained security personnel and failed to provide adequate security when it knew or should have known of dangerous conditions. Hardy added further in the complaint that "numerous criminal offenses and criminal activities occurred on [Pier 99's] premises previously."
As for Duncan in particular, Hardy sought damages on the ground that Pier 99, Duncan's employer, "hired or acquiesced in the hiring of a poorly trained and totally inadequate security guard" who in turn "ignored the explosive situation which he could have stopped at any time by asserting his authority."
Pier 99 and Duncan moved for summary judgment arguing that the pleadings, affidavits and other record documents indicated the existence of no genuine issue of material fact and that, because neither Pier 99 or Duncan had any knowledge of similar criminal activity in the past on Pier 99 property, these defendants could not be liable as a matter of law. Following a hearing, the lower court granted the motion for summary judgment as to both Pier 99 and Duncan finding:
the entire incident in question began [and] was completed within two minutes and was the result of an unprovoked and unanticipated criminal act by David Stallings. Further, the court finds that the defendant, PIER 99 MOTOR INN and its employee, MICHAEL LEE DUNCAN, had not previously experienced any prior violent assaults on the premises, and the incident in question was not foreseeable.
Thereafter, final judgment was entered in favor of Pier 99 and Duncan.
Hardy makes no specific argument on appeal that summary judgment was improperly granted in favor of Duncan. We therefore affirm as to Duncan without further discussion.
As for the summary judgment in favor of Pier 99, Hardy argues that evidence of so-called "911 calls" from Pier 99 and an adjoining business, a bar named Pineapple Willies, indicates a history of violent and criminal episodes on the property during the two years prior to the stabbing so that the attack on Hardy was reasonably foreseeable to Pier 99.[2]
A motel operator is under a continuing legal duty to its patrons to use ordinary care to keep the premises in a reasonably safe condition and protect them from harm due to reasonably foreseeable risks of injury. Paterson v. Deeb, 472 So.2d 1210 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 8 (Fla. 1986). Nevertheless, while a hotel operator has the duty to use reasonable care for the protection of patrons, the hotel is not the insurer of the safety of its patrons. Nor is the hotel liable for the conduct of a third party on the premises which causes injury, unless the injurious conduct is reasonably foreseeable to the hotel; that is, unless the hotel has knowledge of the danger involved and has had an opportunity to protect against it, the hotel may not be held liable. Highlands Insurance Co. v. Gilday, 398 So.2d 834 (Fla. 4th DCA), rev. denied, 411 So.2d 382 (Fla. 1981). The question of foreseeability in a negligence action is generally a question for the trier of fact. Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491 (Fla. 1983).[3]
The lower court's finding that the attack on Hardy was "unprovoked and unanticipated" and was accomplished "within two minutes" is not a sufficient basis for granting summary judgment, for such a finding does not address the question of whether the attack on Hardy was foreseeable. While knowledge of a particular person's propensity for violence has been considered competent evidence of foreseeability, the supreme court *1098 in Stevens v. Jefferson, 436 So.2d 33, 35 (Fla. 1983), rejected the argument that "proof of foreseeability should be limited by law to evidence of actual or constructive knowledge of a particular assailant's propensity for violence." The supreme court added, "[a] tavern owner's actual or constructive knowledge, based upon past experience, that there is a likelihood of disorderly conduct by third persons in general which may endanger the safety of his patrons is also sufficient to establish foreseeability." Id. (emphasis added). We find that this rationale applies with equal force to the owner of a hotel. See, Holiday Inns, Inc. v. Shelburne, 576 So.2d 322 (Fla. 4th DCA 1991), rev. dismissed, 589 So.2d 291 (Fla. 1991). Unquestionably, appellant's injuries were caused by the intervening act of Stallings. But Pier 99 is not relieved of liability by this intervening act as a matter of law unless Stallings' criminal attack was unforeseeable. Paterson v. Deeb, 472 So.2d at 1217.
Also, the lower court's finding that Pier 99 "had not previously experienced any prior violent assaults on the premises" does not resolve the question of whether the attack on Hardy was foreseeable. The lower court seems to be requiring proof that the hotel had knowledge of prior similar violent criminal acts on the premises in order for Stalling's stabbing of Hardy to be considered reasonably foreseeable. Such an error in analysis is not a slight one, in our opinion, for it places upon plaintiffs such as Hardy a bar to recovery which does not exist for subsequent victims of violent crime at Pier 99. A decade ago, we expressly declined to "sacrifice the first victim's right to safety upon the altar of foreseeability by slavishly adhering to the now-discredited notion that at least one criminal assault must have occurred on the premises" before liability for a criminal assault can be established. Id. at 1219. Pier 99's experience with violent and criminal activity on its premises evidenced by the 911 calls, even if less serious than the tragic violence experienced by Hardy and his friends, creates an issue for the finder of fact regarding notice to Pier of the potential danger and the foreseeability of the instant attack. Highlands, 398 So.2d at 835; see, Holiday Inns, 576 So.2d at 331, citing Hall v. Billy Jack's, Inc., 458 So.2d 760, 762 (Fla. 1984) (police records indicating that 58 offenses had been reported at a bar in a hotel constituted evidence of the hotel owner's knowledge of a likelihood of disorderly conduct by third persons which could endanger the safety of the hotel's patrons); and Newell v. Best Security Systems, Inc., 560 So.2d 395, 397 (Fla. 4th DCA 1990) (evidence of prior criminal activity in the surrounding area is relevant and admissible on the issue of the foreseeability of a criminal attack); but see, Satchwell v. LaQuinta Motor Inns, Inc., 532 So.2d 1348 (Fla. 1st DCA 1988) (proof of prior similar incidents of criminal activity, while pertinent, is not essential to establishing foreseeability).[4]
Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings.
*1099 ZEHMER, C.J., concurs.
KAHN, J., dissents with written opinion.
KAHN, Judge, dissenting.
No useful societal purpose is served by extending tort liability to Pier 99 Motor Inn, the appellee in this case. The facts are undisputed and the trial court did not err in granting summary judgment. In truth, a decision such as today's imposes absolute liability upon Pier 99. As the trial court noted, appellee had not previously experienced any prior violent assaults on its premises. The courts have lowered the bar to such an extent in this type of case that a commercial premises owner such as Pier 99 is a virtual insurer of the safety of its business invitees. Analogizing to a remark made by the panel in Satchwell v. LaQuinta Motor Inns, 532 So.2d 1348 (Fla. 1st DCA 1988), any guest at a motel in a resort area such as Panama City may be subjected to a criminal attack by a third person sooner or later. This unfortunate and appalling ill of our society cannot be cured by the tort system and experience has more than adequately demonstrated that.
NOTES
[1] The sister's complaint was dismissed and she has not appealed the dismissal.
[2] The police log in the record contains 444 incidents reported at Pineapple Willie's and Pier 99 from April 2, 1989 through April 1, 1991. The incidents range from stray animal and noise complaints to a suicide and assault and battery.
[3] Receded from on other grounds, Mobil Oil Corp. v. Bransford, 648 So.2d 119 (Fla. 1995).
[4] We distinguish Satchwell from the instant case on the ground that Satchwell was an appeal of a directed verdict. The case before us is an appeal of summary judgment, which we reverse to allow this cause to proceed towards the presentation of evidence on the issues relating to negligence and damages. Satchwell is also distinguishable because, unlike the instant case where police records showed numerous calls involving serious offenses such as assault and battery (see note 2 and accompanying text), in that case we pointed out:

Apart from the single episode of the stolen car, appellant presented no evidence of any significant criminal activity against motel guests within five miles of the location of this motel. The evidence concerning the hiring of security guards from time to time was predicated on the need to police unruly partying guests rather than the need to protect against the criminal acts of trespassers. Appellant called no expert witness, and did not present evidence of reasonable precautions that a motel operator in the position of appellee should have taken under the circumstances, nor did appellant establish how the facts and circumstances of this case gave rise to the appellee's actual or constructive knowledge of any danger to motel guests from third party criminal assaults. Appellant presented no evidence that appellee violated any generally accepted industry standards, or that the design of appellee's premises posed any peculiar security problems, or that suspicious persons had been present on the premises of appellee on prior occasions. In short, appellant simply failed to adduce evidence of facts that should have placed appellee on notice that its guests were foreseeably subject to criminal attack by third parties.
532 So.2d at 1350.