Argued January 7, reversed and remanded April 15, 1970

WILSEY, *Appellant, v.* CAMPBELL ET UX, *Respondents.*

467 P. 2d 964

*Nicholas D. Zafiratos,* Astoria, argued the cause for appellant. With him on the briefs was Ronald L. Miller.

*Duane Vergeer,* Portland, argued the cause for respondents. With him on the brief was Gary A. Thye, Portland.

O'CONNELL, J.

This is an action to recover damages suffered by plaintiff when she slipped and fell on defendants' concrete patio. The jury returned a verdict for plaintiff whereupon defendants moved for a judgment notwithstanding the verdict. The motion was granted and plaintiff appeals.

Plaintiff, who was 59 years old at the time of the accident, is the mother of defendant Charmaine Campbell and the mother-in-law of defendant James Campbell.

Plaintiff was hired by her daughter Charmaine to babysit on the morning of the accident. When her daughter returned home plaintiff was paid for her services but since it was raining plaintiff was invited to remain until James Campbell returned, at which time her daughter was to take her home. No prior arrangements had been made for transporting plaintiff to her home.

After plaintiff waited about two and a half hours her son-in-law returned whereupon she and her daughter proceeded to leave the house. They walked down four concrete steps to a concrete patio which was uncovered. Plaintiff fell when she stepped from the bottom step onto the patio and was injured.

It was raining and the wind was blowing. There was no handrail on the steps. The contractor who built the patio testified that the patio was finished "smooth" and that there was "some slope at the end of the steps." Defendant James Campbell had instructed the contractor to make the patio a smooth surface. The steps had a rough surface. Both defendants testified that they knew that the patio was slippery when wet. James Campbell testified that he had slipped on the patio "several times." Charmaine Campbell testified that she had also slipped on the patio. Both testified that others had also slipped. They testified that they had not warned plaintiff that the patio was slippery.

Plaintiff had been at defendants' home five or six times before the accident but she had never previously gone out onto the patio when it was raining. There was no evidence that the patio was wet when she went into defendants' house on the day of the accident. There was testimony that the day was wet and rainy.

Plaintiff wore "wedgies" which had smooth, flat composition soles without a distinct heel.

■ The case was submitted to the jury on the theory that plaintiff was an invitee. Defendants contend that plaintiff was a licensee only. The evidence conclusively establishes that defendants had knowledge of the dangerous condition of the premises. If the possessor of land has knowledge of the risk which the condition of the premises creates, his duty to an invitee or a licensee is the same.

■ The duty of a possessor of land to a licensee is stated in Restatement (Second) of Torts, § 342, p. 210 (1965), as follows:

"A possessor of land is subject to liability for phys-

ical harm caused to licensees by a condition on the land if, but only if,

"(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

"(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

"(c) the licensees do not know or have reason to know of the condition and the risk involved."

There was evidence to show that defendants knew of the slippery condition of the patio. No warning was given to plaintiff. Plaintiff had no knowledge that defendants' patio was slippery.

■ Defendants contend that the wet and smooth condition of the patio was open and obvious and that therefore plaintiff is chargeable with knowledge of the condition. It is argued that plaintiff is presumed to have knowledge of the slippery nature of smooth concrete surfaces covered with rain.

We think that it is the function of the jury to decide whether plaintiff knew or had reason to know of the danger to which she was subjected in this case. There was ample evidence to show that defendants knew of the danger and failed to warn plaintiff. The trial judge should not have disturbed the verdict.

Defendants rely upon previous Oregon cases in which an invitee or licensee was denied recovery for injury suffered on the premises of the landowner. These and other so-called slipping and falling cases are not in point. We have found no previous Oregon case holding that a jury question is not made out where

there is evidence, as there was in the present case, (1) that the defendant knew of the dangerous condition, and (2) that the plaintiff was not aware of the danger.

The judgment is reversed and the cause is remanded with directions to reinstate the verdict and enter judgment thereon.