Argued and submitted July 11, 2000, reversed and remanded for further proceedings May 9, 2001

Alice J. NELSEN,
*Appellant,*

*v.*

Christine NELSEN,
*Respondent.*

9709-07437; A103778

23 P3d 424

John S. Sather argued the cause for appellant. On the opening brief was Kathryn H. Clarke.

Wendy M. Margolis argued the cause for respondent. With her on the brief were Thomas W. Brown and Cosgrave, Vergeer & Kester LLP.

Before Haselton, Presiding Judge,* and Deits, Chief Judge, and Wollheim, Judge.

WOLLHEIM, J.

* Haselton, P. J., *vice* De Muniz, J., resigned.

## WOLLHEIM, J.

Plaintiff brought this action against defendant for personal injuries. The trial court granted defendant's summary judgment motion. Plaintiff appeals from the trial court's judgment dismissing her claim. She assigns as error the trial court's granting of defendant's motion for summary judgment. Because an objectively reasonable juror could have returned a verdict for plaintiff, a genuine issue of material fact exists, and defendant was not entitled to summary judgment. ORCP 47 C. Accordingly, we reverse and remand.

■ We review the trial court's entry of summary judgment to determine whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. ORCP 47 C;[1] *Jones v. General Motors Corp.*, 325 Or 404, 407, 939 P2d 608 (1997). ORCP 47 C provides that

> "[n]o genuine issue of material facts exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

We view the evidence and all reasonable inferences that may be drawn from that evidence in the light most favorable to plaintiff. *Jones*, 325 Or at 408.

Plaintiff is defendant's mother. Defendant was remodeling her home with her father's help. On the day plaintiff was injured, defendant informed her father that roof trusses were to be delivered later that day. Her father told defendant that they would need another person to help them move the trusses. Defendant called her son-in-law and asked if he could help. He said he could if someone could watch his children. Defendant replied that she would have plaintiff watch the children in defendant's family room while they moved trusses.

---

[1] In 1999, the legislature amended ORCP 47 C. *See* Or Laws 1999, ch 815, § 2. Neither party raises, and we do not address, the effect of that amendment. *See Graham v. State of Oregon*, 164 Or App 747, 757 n 5, 995 P2d 1167 (2000).

Plaintiff and defendant's father were the first ones to arrive at defendant's house. They entered the house through the garage and, as a result, did not see the part of the house that was being remodeled. Defendant began describing to plaintiff the planting and painting she had done in her courtyard and invited plaintiff to go outside to look at it. Plaintiff agreed. Defendant stepped outside first. There was a short step from the floor level of the house to the ground outside. Defendant held open a heavy glass door and, as plaintiff was stepping through the doorway, defendant said, "Watch your step." Plaintiff was holding onto the doorframe as she stepped out of the house and was looking at the courtyard. When plaintiff stepped down, her foot slipped on some plastic that defendant had spread out on the ground to protect it from paint spills. Plaintiff fell and broke her hip. The plastic was a black plastic that had been rolled up and was described by plaintiff as "not like a tarp" and "smoother than heck." Furthermore, the plastic was wet.

Plaintiff sued defendant in negligence for economic and noneconomic damages. Plaintiff's complaint alleged that defendant created an unreasonable risk of harm to plaintiff by failing to remove the plastic before inviting plaintiff outside, failing to warn plaintiff about the plastic, and otherwise failing to make the plastic safe for walking. Defendant argued that plaintiff was injured as a result of her own negligence, because she failed to keep a proper lookout for her own safety, she failed to properly place her feet to avoid a fall, and she failed to control her body movement so as to avoid injury to herself. Defendant then moved for summary judgment. The trial court found that, at the time of injury, plaintiff held the status of a licensee, not an invitee, and that defendant breached none of the duties owed to plaintiff as a licensee. Consequently, the trial court granted defendant's motion. Plaintiff appeals.

■ Plaintiff assigns as error the trial court's granting of defendant's motion for summary judgment and makes several arguments. First, plaintiff argues that she was an invitee, not a licensee, because she was at defendant's home for a business purpose. Second, plaintiff argues that, even if she were a licensee at the time of the accident, defendant owed her a duty of care and that defendant's liability was a factual

question for a jury to determine. In support of that argument, plaintiff makes two subarguments. Plaintiff argues she was injured as a result of defendant's activity, not a condition of the land, and, therefore, defendant had a duty to exercise reasonable care for her protection. Alternatively, plaintiff argues that the duty to warn runs equally to invitees and licensees and, as a result, defendant had a duty to warn plaintiff of known risks. Third, plaintiff argues that whether plaintiff should have discovered the danger posed by the plastic was a question for a jury to decide. Defendant argues that plaintiff entered and remained on the premises as a licensee and not as an invitee; that even if plaintiff was an invitee at arrival, she was a licensee at the time of injury; and that defendant did not breach any duties owed to plaintiff as a licensee.

 The duty an owner or occupier of land owes to a visitor is determined by the visitor's status on the land.[2] *See Rich v. Tight-Knot Pine Mill*, 245 Or 185, 191-92, 421 P2d 370 (1966). An invitee is a person who, with the occupier's invitation, comes upon a premises to conduct business that concerns the occupier. *Id.* By contrast, a licensee is a person who, with the occupier's permission, comes upon a premises for the licensee's own purposes, often social. *Id.* at 191. A visitor's status can change while on the premises; thus, one's status in a negligence action is determined at time of the injury, not at the time of entry onto the premises. *Taylor v. Baker*, 279 Or 139, 148, 566 P2d 884 (1977).

██ ██ In general, an occupier of a premises owes a greater duty to invitees than to licensees. *Compare Restatement (Second) of Torts* §§ 343, 343A (1965) *with Restatement (Second) of Torts* § 342.[3] However, there is an overlap in the duties an

---

[2] Premises liability is one of the areas of negligence law where the concept of duty is not supplanted by foreseeability in a negligence action. *See Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 17, 734 P2d 1326 (1987) (supplanting the concept of duty with foreseeability in negligence actions except in cases where a defendant's duty is created, defined or limited by "a status, a relationship, or a particular standard of conduct" between the parties).

[3] *Restatement (Second) of Torts* § 343 provides:

"A possessor of land is subject to liability for physical harm caused to his *invitees* by a condition on the land if, but only if, he

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such *invitees*, and

occupier owes to each. *See id.* at § 343, *comment b* ("To the invitee, the possessor owes not only this duty [the one owed to a licensee], but also the additional duty to exercise reasonable affirmative care to see that the premises are safe for the reception of the visitor."). Specifically, if an occupier of a premises "has knowledge of the risk which the condition of the premises creates, his duty to [warn] an invitee or a licensee is the same." *Wilsey v. Campbell*, 255 Or 420, 422, 467 P2d 964 (1970). Consequently, in this instance, we need not resolve whether plaintiff was an invitee or a licensee at the time of the accident in order to resolve the issue of whether the trial court erred when it concluded that defendant did not breach a duty to warn plaintiff of the hazard posed by the plastic. Based upon the facts before us and viewing all reasonable inferences in the light most favorable to plaintiff, we hold that an objectively reasonable juror could find that defendant failed to properly warn plaintiff of the plastic ground cover in the courtyard and, therefore, could return a verdict for plaintiff.

■ The duty an occupier of a premises owes to a licensee for dangerous conditions known to the occupier is explained in *Restatement (Second) of Torts* § 342, which provides:

"A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

---

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect them against the danger." (Emphasis added.)

*Restatement (Second) of Torts* § 343 A provides:

"(1) A possessor of land is not liable to his *invitees* for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them unless the possessor should anticipate the harm despite such knowledge or obviousness.

"(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the *invitee* is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated." (Emphasis added.)

We quote *Restatement (Second) of Torts* § 342, the provision addressing the liability possessors of land may be subject to for known dangerous conditions that cause harm to *licensees*, later in the opinion.

"(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

"(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

"(c) the licensees do not know or have reason to know of the condition and the risk involved."

Although courts do not literally adopt the Restatements of the American Law Institute in the same manner that a legislature enacts a law, we often quote from the Restatements when, in our view, "the analysis summarized in the Restatement corresponds to Oregon law applicable to the facts of the case before the court." *Brewer v. Erwin*, 287 Or 435, 455 n 12, 600 P2d 398 (1979). That is frequently the case in disputes involving issues of premises liability and, consequently, is why we refer to particular sections of *Restatement (Second) of Torts* here. *See, e.g., Woolston v. Wells*, 297 Or 548, 553, 687 P2d 144 (1984) (concluding that *Restatement (Second) of Torts* §§ 343, 343(A)(1) "were a fair statement of the common law rules applied by this court to actions brought by invitees against occupiers of real property"); *Wilsey*, 255 Or at 422-23 (citing *Restatement (Second) of Torts* § 342); *Rich*, 245 Or at 191 (citing *Restatement (Second) of Torts* § 329). However, the courts "do not enact the exact phrasing of the Restatement rule, complete with comments, illustrations and caveats." *Brewer*, 287 Or at 455 n 12. We refer to specific comments contained in sections of the *Restatement (Second) of Torts* here because we conclude that they are persuasive and relevant to resolving the case before us. *See, e.g., Taylor*, 279 Or at 148 (using illustration contained in *Restatement (Second) of Torts* § 332, *comment l*, to explain legal principle).

Examining the facts of this case in light of that duty, a juror could conclude that defendant knew or should have known of an unreasonable risk of harm the plastic ground cover posed for plaintiff. Defendant was the person who spread out the plastic and had already stood on it. From plaintiff's comment that it was "smoother than heck," a juror

could readily infer that defendant knew that it was slippery and posed a hazard. The plastic was also wet at the time of the accident. Because defendant stepped out onto the plastic before plaintiff, she was the first person who could have noticed that the plastic was wet, and a juror could conclude that defendant should have realized that it posed an unreasonable risk to anyone stepping onto it. Defendant also warned plaintiff to watch her step. From the above facts a reasonable juror could conclude that defendant knew of the plastic and could infer that defendant realized that the plastic posed an unreasonable risk of harm to others.[4]

■ A reasonable juror could also conclude from the facts here that defendant failed to warn plaintiff adequately of the hazardous condition the plastic posed.[5] In order to warn a licensee adequately, an occupier must inform the licensee of both the hazardous condition and the risk posed by that condition. *See Restatement (Second) of Torts* § 342(b). The only warning offered by defendant was, "Watch your step." Plaintiff testified that the warning "came too late" for her to take preventive action and, in any event, that she understood the warning to address the step down, of which she had prior knowledge, not that there was a dangerous condition on the surface she was stepping onto. Furthermore, because plaintiff testified that she was holding onto the door frame as she stepped outside, a juror could reasonably conclude that plaintiff was taking reasonable care to protect herself from a fall due to the step down. A reasonable juror could conclude that "watch your step" is not an equivalent warning to "watch out for the plastic, it's wet and slippery and you might fall" and that "[w]atch your step" was an inadequate warning in this instance.

---

[4] We also recognize that it is possible, from the same facts, for a juror to reasonably conclude that, while defendant knew of the presence of the plastic, she was unaware of the danger it posed and therefore had no duty to warn. *See Restatement (Second) of Torts* at § 342, *comment d* ("If the possessors knows of the existence of a condition, but has no reason to know that it is dangerous, then he is under no duty to make the disclosure."). However, due to the posture of this case, we draw all reasonable inferences in favor of plaintiff. This example highlights just how the issue of defendant's knowledge of a hazardous condition can constitute a jury question.

[5] There is no evidence that defendant took any action to make the condition safe.

Defendant argues that, because the plastic was open and obvious, defendant reasonably expected that plaintiff would discover and realize the danger and, therefore, defendant had no duty to warn plaintiff. *McHenry v. Howells et ux.*, 201 Or 697, 704-05, 272 P2d 210 (1954). However valid that argument may be in a general context, from the facts here, a reasonable juror could conclude that defendant should not have expected that plaintiff would discover the danger. *Comment k* to section 342 notes that

> "[t]here will, however, be special situations in which the possessor has knowledge of facts from which he should realize that an ordinary warning will not be sufficient to notify the licensee of the danger, or to enable him to protect himself against it. * * * In extreme cases, as in the case of the blind man, [the possessor] may even be required to give physical assistance to enable the licensee to avoid the danger."

Plaintiff testified that she had peripheral vision only in her left eye—an eye that had previously been affected by a stroke. She also had diminished vision in her right eye due to a cataract problem. A juror could reasonably infer that, as plaintiff's daughter, defendant knew of plaintiff's visual limitations and should have known that plaintiff might not see an otherwise obvious hazard. A reasonable juror could find that defendant should have expected that plaintiff would not discover or realize the danger posed by the plastic.

The last issue we must examine is whether plaintiff knew of or had reason to know of the condition and the risk involved. Plaintiff testified that, from the route she entered defendant's home, she was not able to see the work area. Likewise, she testified that she did not look outside to examine the work area before walking out the door. Plaintiff also testified that she had not previously been to defendant's home when defendant was painting and that she did not know that defendant had spread plastic on the ground.[6] Given those facts, a reasonable juror could find that plaintiff did not know or have reason to know of the plastic and the

---

[6] Plaintiff gave seemingly conflicting testimony concerning her knowledge of the plastic before the fall. However, given the posture of the case, we resolve that conflict in favor of plaintiff.

risk it posed. *See Wilsey*, 255 Or at 423 ("We think that it is the function of the jury to decide whether plaintiff knew or had reason to know of the danger to which she was subjected in this case.").

For the above reasons, we hold that an objectively reasonable juror could find that defendant failed in her duty to properly warn plaintiff and, consequently, a reasonable juror could return a verdict for plaintiff. We therefore hold that a genuine issue of material fact exists and the trial court erred when it granted summary judgment in favor of defendant. Accordingly, we reverse and remand.[7]

Reversed and remanded for further proceedings.

---

[7] We need not address plaintiff's argument that she was injured as a result of defendant's activity on the land, because she did not make that argument to the trial court and, therefore, cannot now raise that issue on appeal. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380-81, 823 P2d 956 (1991).