NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEPHEN WOLFF, Individually and as
Personal Representative of the Estate of
Judith Wolff, Deceased,

No.     16-35495

D.C. No. 1:14-cv-01466-CL

Plaintiff-Appellant,

MEMORANDUM*

v.

PADJA, INC., an Oregon corporation; et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Argued and Submitted July 12, 2018
Portland, Oregon

Before:  WARDLAW and OWENS, Circuit Judges, and LEFKOW,** District
Judge.

Stephen Wolff appeals from the district court's grant of summary judgment

in favor of Padja, Inc., Douglas Volk, and Patricia Volk, owners and operators of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Joan H. Lefkow, Senior District Judge for the U.S.
District Court for the Northern District of Illinois, sitting by designation.

Chateaulin Restaurant and Wine Bar ("Chateaulin Defendants"); and Michael

Donovan and David Taub ("Landlord Defendants"). Mr. Wolff alleged that the

negligence of the Chateaulin and Landlord Defendants resulted in the death of his

wife, Judith Wolff, and sought relief under Oregon's wrongful death and survival

statutes. As the parties are familiar with the facts, we do not recount them here.

We reverse and remand.

1. Under Oregon law, possessors of land owe a duty "to discover conditions

of the premises that create an unreasonable risk of harm to the invitee" and "either

to eliminate the condition creating that risk or to warn any foreseeable invitee of

the risk so as to enable the invitee to avoid the harm." *Woolston v. Wells*, 687 P.2d

144, 150 (Or. 1984) (en banc); *see also Ault v. Del Var Properties, LLC*, 383 P.3d

867, 873 (Or. Ct. App. 2016) ("[I]f there was evidence sufficient to create a

question of fact as to whether, in light of all the circumstances, the [premises]

presented an unreasonable risk of harm, then plaintiff was entitled to have a jury

decide that question, as well as the question of what action was necessary to

protect invitees from that risk." (citations omitted)). The parties do not challenge

on appeal the district court's holding that a triable issue exists as to whether the

step posed an unreasonable risk of harm.

Contrary to the district court's holding, there are facts from which a

reasonable jury could infer that the Chateaulin Defendants did not satisfy their duty

2

to warn. For example, Mrs. Wolff told the EMT that she "fell forward down a step she didn't see." A jury could infer from this fact that Mrs. Wolff did not see the step because she was never warned about it in the first place. While this is not the only possible inference that could be drawn, "[a] 'justifiable inference' is not necessarily the most likely inference or the most persuasive inference" but instead need only be "'rational' or 'reasonable.'" *Narayan v. EGL, Inc.*, 616 F.3d 895, 899 (9th Cir. 2010) (citation omitted). Because Mr. Wolff is the nonmoving party, this inference must be drawn in his favor at summary judgment. *See Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1277 (9th Cir. 2017) ("Inferences must also be drawn in the light most favorable to the nonmoving party." (citation omitted)). Additionally, the only evidence concerning the alleged warning came from a Chateaulin employee, Ross Williams, who described the incident with different levels of detail on different occasions and whose potential bias may diminish his credibility in the eyes of a jury.

A reasonable jury could also conclude that any alleged warning was inadequate. Under Oregon law, a warning is adequate if it describes both "the hazardous condition and the risk posed by that condition." *Nelsen v. Nelsen*, 23 P.3d 424, 428–29 (Or. Ct. App. 2001) (citation omitted) (holding that a triable issue existed as to the adequacy of the warning because it provided insufficient information about the nature of the risk for the plaintiff to take "preventive

3

action"). Williams testified at his deposition that he only told Mrs. Wolff that there was "a large step," but he did not point to or describe in greater detail the precise location of the step. Mr. Wolff also testified that the step was difficult to see. In the light most favorable to Mr. Wolff, these facts, along with Mrs. Wolff's statement that she "didn't see" the step, could allow a reasonable jury to find that the witness's warning lacked crucial detail about the nature of the risk and, consequently, that the warning was inadequate to allow Mrs. Wolff to avoid falling.

2. The district court also erred in granting summary judgment in favor of the Chateaulin Defendants on the issue of whether the step was an unreasonably dangerous condition. *See Ault*, 383 P.3d at 872–73 (pointing out that "'a condition which cannot be encountered with reasonable safety' . . . could necessitate *more* than a warning to fulfill the possessor's duty to keep the premises reasonably safe and to protect an invitee from an unreasonable risk of harm, even when the risk is known and appreciated" (quoting *Wilk v. Georges*, 514 P.2d 877, 879 (Or. 1973))). Mr. Wolff's expert opines that it was, and "[e]xpert opinion is itself sufficient to create a genuine issue of disputed fact sufficient to defeat a summary judgment motion." *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1270 (9th Cir. 1994).

3.  In granting summary judgment in favor of the Landlord Defendants, the district court relied on "the same undisputed evidence that shows the Chateaulin Defendants satisfied the standard of care."  Given our holding that there are disputed facts as to whether the Chateaulin Defendants satisfied the standard of care, we also reverse the entry of summary judgment as to the Landlord Defendants.

**REVERSED AND REMANDED.**



*Wolff v. Padja, Inc.*, No. 16-35495

OWENS, Circuit Judge, dissenting:

I respectfully dissent for the reasons given by the district court.