HOBSON, Judge.
This is an appeal from an entry of a summary judgment for the defendants.
The facts are clear and there is no material dispute as to how the plaintiff was injured. The plaintiff, a regular customer of the defendants’ beauty shop, tripped and fell over a telephone wire while on the premises of the defendants as a business invitee. As a result of the fall plaintiff suffered a broken hip.
The lower court found that there was no genuine issue of a material fact and that the defendants were entitled to summary judgment as a matter of law.
After reading the briefs and cases cited therein in addition to giving careful consideration to the pleadings and depositions in the record-on-appeal and having had the benefit of oral argument by the respective counsel, we have no doubt that the able trial judge was correct in granting a summary judgment in favor of the defendants.
The essential facts surrounding plaintiff’s injury are as follows: After plaintiff had her hair styled in defendants’ beauty shop she asked one of the employees if she could use the telephone. Plaintiff’s request was granted. The telephone was on a desk in the front portion of the shop. The plaintiff went to the side of the desk which was nearest to the wall and stepped into a space between the wall and the desk. After using the telephone, plaintiff stepped out from behind the desk, tripping over the telephone wire which ran from the telephone into a wall socket.
The defendants strongly emphasize that plaintiff stepped into a space not provided *755 for customers and moved the telephone to a different location from where it normally was placed and then tripped over the telephone wire as she stepped out of the above described space.
Both parties recognize the requirement necessary for the granting of a summary judgment. Each cite the well known doctrine that on a motion for summary judgment the burden of proof on the moving party is to conclusively prove the nonexistence of a genuine issue of material fact. This proof must be such as to overcome all reasonable inferences which may be drawn in favor of the opposing party. See Holl v. Talcott, Fla.1966, 191 So.2d 40, and Matarese v. Leesburg Elks Club, Fla.App.1965, 171 So.2d 606.
In alleging the trial judge erred in granting the summary judgment the plaintiff cites the case of Food Fair Stores, North Dade, Inc. v. Winkelmann, Fla.App.1961, 135 So.2d 6, as precedent for reversal. Based upon the dissimilar facts in the Food Fair case and the case sub judice we cannot agree.
In the Food Fair case an electric hobby horse, an amusement device which was operated by the deposit of a coin, was mounted outside a supermarket with an electric cord running from the hobby horse to an electrical outlet in the side of the store building. The distinction is readily apparent in these two factual situations. In the Food Fair case there was a coin-operated amusement device on the sidewalk outside the defendant’s store and placed in such a position that the electric cord lay across an open sidewalk regularly used by pedestrians.
On page eight of the Food Fair opinion the court describes the amusement device and how it was positioned so as to create an inherent danger:
“There is sufficient, competent evidence for the jury to have found that the defendants, St. Pierre and Food Fair Stores, were negligent in and about the placement for operation of the amusement device. By the very nature of the positioning of the box or pedestal, a prospective patron, in order to operate the electric hobby horse, was required to do either as the plaintiff did; go between the hobby horse and the building in order to approach the coin slot where he could see it, or he was required to approach the coin box from the rear and lean over it in order to insert the required coin. It was certainly reasonable for the plaintiff to approach the coin box in the manner in which he did. It would have been a simple matter for the defendants, St. Pierre and Food Fair Stores, to have positioned the hobby horse in such fashion so that the left side, instead of the right, was adjacent to the wall of the building and, therefore, there would have been no reason or attraction to cause the plaintiff to go between the amusement device and the building. See Deane v. Johnston, Fla.1958, 104 So.2d 3, 65 A.L.R.2d 957. Having seen fit to adopt the former course in positioning the amusement device, they did not use reasonable care in notifying the prospective patron, who would be a business invitee, of the danger inherent in an electric cord lying loose on the sidewalk.”
In the case sub judice the plaintiff was inside defendants’ place of business and stepped into a space not provided for customers, nor reasonably foreseeable that a customer would enter. In addition, it was not necessary in order to use the telephone for the plaintiff to enter this space. After entering this space plaintiff then moved the telephone to a different position from which it was normally found.
For the reasons stated above we conclude that the factual dissimilarities show clearly that the Food Fair case, supra, is not applicable.
Judgment affirmed.
ALLEN, Acting C. J., and PIERCE, J., concur.