419 So.2d 679 (1982)
Samuel Thomas DOUGHERTY, Jr., Appellant,
v.
HERNANDO COUNTY, Auto Owners Insurance Company and State of Florida, Department of Transportation, Appellees.
No. 81-796.
District Court of Appeal of Florida, Fifth District.
August 25, 1982.
Rehearing Denied September 20, 1982.
*680 Edwin J. Bradley of Lloyd, Henniger & Bradley, P.A., St. Petersburg, for appellant.
Bruce A. Walkley of McClain, Walkley & Stuart, P.A., Tampa, for appellee Hernando.
Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellee State of Florida.
ORFINGER, Chief Judge.
Plaintiff below appeals from an adverse summary final judgment entered in his action for damages caused by personal injuries. We affirm.
Plaintiff was injured when he dove from a bridge into the Weeki Wachee River. The bridge is a part of SR-595, and crosses the river near a recreation area known as Rogers Park. Viewed in the light most favorable to the plaintiff as the non-moving party in the summary judgment proceeding, the record reveals the facts which follow.
Rogers Park is a recreation area owned and maintained by either or both of the defendants for use by the public. It is located on the Weeki Wachee River at or near where Highway 595 crosses it. The bridge over the river is either a part of the highway or a part of the park, and as such is also owned or maintained by one or both of the defendants.[1]
On the day of the accident, the eighteen-year-old plaintiff and a friend drove to the river to go swimming. Plaintiff had been swimming at Rogers Park many times over the previous eight or nine years, and he estimated that he had dived from this bridge 200-300 times in the past, all without incident, most recently the day before he was hurt. He always dove from the bridge at the middle, where the water was deepest, and where he knew it to be about five feet deep. The river was clear, and he could see the bottom on the day in question. There was no evidence that the river was in any different condition on the day of the accident than it had been in the past. Plaintiff had never hit his head on the bottom, nor had to stop himself with his hands. On the day he was injured, he does not know if he hit the bottom, or if he was hurt hitting the water or something else, but he was seriously and permanently injured.
Plaintiff knew that at either end of the bridge were signs reading "No Diving From Bridge." The signs had been there for as long as he could remember. The bridge is a two-lane wooden vehicular bridge with a pedestrian walkway, and is a part of the highway. Plaintiff admits that in order to dive from the bridge, it was necessary that he walk onto the bridge, and climb over the guardrail along the pedestrian walkway, which guardrail was several feet high. He states, however, that notwithstanding the signs or the guardrail, many people regularly dive from the bridge and that this was well known to defendants.
*681 Plaintiff's cause of action was essentially predicated on his allegations that the bridge and the diving area under it constituted a hazardous and dangerous condition posing a serious risk of personal injury to persons diving from the bridge; that persons diving from the bridge were not likely to observe or appreciate the risk of injury; that defendants were negligent in not providing a safe place to dive, in failing to give warning of the shallow and unsafe condition of the river, and in failing to prevent persons from diving from the bridge. The trial court granted defendants' motion for summary judgment, ruling that defendants breached no duty owing to plaintiff and that plaintiff's acts were the sole proximate cause of his injuries.
It is clear to us that plaintiff, although an invitee while upon the pedestrian walkway of the bridge, became something less when he climbed over the guardrail and used the bridge as a diving platform, when it was obviously (and so known to him) not designed or intended to be used for that purpose. In that activity he was, at best, an uninvited licensee; at worst, a trespasser. Since he testified that defendants were aware of the use of the bridge for diving purposes, we assume for this discussion that the defendants were aware of plaintiff's presence on the bridge. The distinction between the duty owed by a landowner to these two classes is hazy (if a distinction exists), but the labels have been preserved. Wood v. Camp, 284 So.2d 691 (Fla. 1973). The duty owed by a landowner to an uninvited licensee or a discovered trespasser is essentially the same: to avoid willful and wanton harm to him, and to warn him of a defect or condition known by the landowner to be dangerous when such danger is not open to ordinary observation by the licensee or trespasser. Post v. Lunney, 261 So.2d 146 (Fla. 1972).
No claim is made that the defendants acted in a willful and wanton manner to cause injury. Neither does the record show a dangerous condition known as such to the owner. Plaintiff himself dove under similar conditions 200-300 times before. So had numerous others. Nothing in the record shows that the "owners" were aware of any previous injuries. Plaintiff testified that he had heard that someone else had been hurt in a similar incident in the past, but he said that he did not know if this was true. Even if we were to consider the conditions to be dangerous, the record shows that plaintiff was fully aware of them, and probably had greater knowledge of the hazards than did the defendants. The bridge was designed and maintained to carry vehicular and pedestrian traffic. The signs and the guardrail told plaintiff he was not to dive from the bridge. The defendants were under no duty to post a guard to physically restrain plaintiff when he refused to heed the warning, nor were they required to build an "unclimbable fence" (which would probably only serve as an additional challenge to those who were determined to run the risk). The defendants here breached no duty to plaintiff. See Biltmore Terrace Associates v. Kegan, 130 So.2d 631 (Fla. 3d DCA 1961). Cf. Savignac v. Department of Transportation, 406 So.2d 1143 (Fla. 2d DCA 1981).
The judgment is AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Although ownership of the bridge by D.O.T. was not admitted, for the purposes of this appeal D.O.T. is willing to assume that it is the owner.