719 So.2d 368 (1998)
COMMUNITY CHRISTIAN CENTER MINISTRIES, INC. and In-Rel Acquisitions, Inc., Appellants,
v.
Brian PLANTE and Vicky Plante, as natural parents and guardians of Jade Plante, a minor, Appellees.
Nos. 97-2437, 97-2438.
District Court of Appeal of Florida, Fourth District.
October 21, 1998.
*369 Cymonie S. Rowe and Patrick B. Flanagan of Flanagan, Maniotis & Berger, P.A., West Palm Beach, for appellants.
Lorenzo Williams and Paul P. McMahon of Gary, Williams, Parenti, Finney, Lewis & McManus, Fort Pierce, and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for appellees.
COHN, JAMES I., Associate Judge.
The issue presented by this appeal is whether the trial court erred in directing a verdict that the plaintiff, Jade Plante, was a business invitee as a matter of law. Jade Plante, a minor, through Brian and Vicky Plante, his parents, sued the defendants, Community Christian Center Ministries, Inc. and In-Rel Acquisitions, Inc., claiming damages based on negligence and attractive nuisance. He voluntarily dismissed the attractive nuisance claim prior to opening statement.
In-Rel Acquisitions, Inc. owned a storefront shopping plaza comprised of two separate buildings, a Kwik Stop convenience store and a building leased by Community Christian Center Ministries, Inc. Plaintiff was injured on the side of the Community Christian building in a grassy area. Both defendants were responsible for the maintenance of the shopping center and the grassy area.
The plaintiff and his friends walked to Kwik Stop and purchased refreshments. Upon leaving they noticed a bookcase located on the grassy area that was not roped off or barricaded. The sidewalk was not obstructed *370 in any way which would have caused the plaintiff to leave the sidewalk and walk to the grassy area. This was not an area of ingress or egress. There were no warning signs or signs identifying the bookcase as private. The bookcase was waterlogged and weighed approximately 2300 pounds.
Thinking it would be fun, the plaintiff entered the grassy area and attempted to climb the bookcase to sit on top of it. The plaintiff admitted that he was not on the property for any business purpose, nor did he have the owner's permission to be on the property. As he climbed the bookcase, it fell, and his fingers were caught between the building wall and bookcase, resulting in serious injuries and an amputation of his ring finger.
At the close of the evidence, the plaintiff moved for a directed verdict on the issue of whether he was a business invitee. The trial court granted the motion, finding that he was a business invitee as a matter of law. The jury returned a verdict in favor of the plaintiff and awarded damages.
The defendants argue that the trial court erred in directing a verdict as to the plaintiff's status on the land because evidence exists justifying a finding that the plaintiff was not a business invitee at the time of injury.
The law concerning a motion for directed verdict is well settled. The motion admits the truth of all facts in evidence, and every reasonable conclusion or inference based on those facts, which is favorable to the non-moving party. If there is any evidence to support a possible verdict for the non-moving party, a directed verdict is improper. In ruling on the motion, a trial court may not pass on the credibility of witnesses or weigh competing evidence.
Stringer v. Katzell, 674 So.2d 193, 195 (Fla. 4th DCA 1996), review denied, 698 So.2d 1225 (Fla.1997).
A business invitee is one who is "invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." Post v. Lunney, 261 So.2d 146, 148 (Fla.1972). The defendants concede that the plaintiff was a business invitee at Kwik Stop. However, they contend that once he left Kwik Stop, entered the grassy area, and climbed on the bookcase, he exceeded the scope of his invitation.
"[A]n owner ... is liable for an injury sustained by a person, who entered the premises by invitation, ... only where the part of the premises on which the injury was sustained was covered by the invitation. If a person, though on the premises by invitation, goes to a place not covered by the invitation, the owner's duty of care owed to that person as invitee ceases forthwith. The duty to keep the premises safe for invitees extends to all portions of the premises that are included in the invitation and that are necessary or convenient for the invitee to visit or use in the course of the business for which the invitation was extended."
Cardaman v. Sportatorium, Inc., 505 So.2d 31, 32 (Fla. 4th DCA 1987)(quoting IRE Florida Income Partners, Ltd. v. Scott, 381 So.2d 1114 (Fla. 1st DCA 1979), cert. denied, 388 So.2d 1118 (Fla.1980)). This duty "includes places where [the invitee's] presence should reasonably be anticipated, as well as places where he is allowed to go." Id. at 1117.
Here, at a minimum, the facts create an issue as to whether the plaintiff exceeded the scope of his invitation. Was the grassy area a place that the defendants should have reasonably anticipated that the plaintiff would go? This is a question of fact that must be resolved by the jury. We therefore conclude that the trial court erred in granting a directed verdict finding the plaintiff a business invitee as a matter of law. Accordingly, as the parties agree that this appeal relates solely to the issue of liability, we reverse and remand for a new trial as to liability only.
REVERSED and REMANDED.
STEVENSON and SHAHOOD, JJ., concur.