966 So.2d 506 (2007)
Patricia BYERS and Steven Byers; and Todd Miles, individually, and as Personal Representative of the Estate of Todd Byers, deceased, Appellants,
v.
The RADIANT GROUP, L.L.C., Appellee.
No. 2D06-4437.
District Court of Appeal of Florida, Second District.
October 19, 2007.
Jeffrey Lee Gordon of Maney & Gordon, P.A., Tampa; and Deborah L. Appel, Tampa, for Appellants.
Thomas A. Valdez and Robert Santa Lucia of Quintairos, Prieto, Wood & Boyer, P.A., Tampa, for Appellee.
WALLACE, Judge.
The plaintiffs in a premises liability action appeal a summary final judgment in *507 favor of the landowner. Because the resolution of the dispositive liability questions in this case depends on the determination of disputed issues of material fact, we reverse the summary final judgment and remand for further proceedings.

I. THE FACTUAL BACKGROUND
Shortly before midnight on September 14, 2003, Todd Byers (Todd) drove his automobile into the parking lot of the Radiant Food Store located on State Road 54 in Pasco County.[1] The Radiant Food Store is a convenience store and retail fuel outlet. The store also houses a sandwich shop. Todd was accompanied by his brother, Steven Byers (Steven); Steven's wife, Patricia Byers (Patricia); and an acquaintance, Julie Barilleaux.
Steven left the car and went into the store to purchase milk. Inside the store, he remembered that his brother was going fishing the next morning with a friend. For this reason, he ordered two sandwiches for Todd and his companion to take with them on their fishing trip. After Steven had paid for the milk and sandwiches, he returned to Todd's vehicle.
As the Byers party was pulling out of their parking space, they encountered another vehicle that had just entered the store's parking lot. The second vehicle was occupied by Timothy Hahn, Eddie Prince, Courtney Bryant, and Ryan Gobel. As a result of a driving-related issue, some of the occupants of the two vehicles exchanged words. Next, some members of the Hahn party removed baseball bats from the trunk of their vehicle, and the conflict rapidly escalated. A brawl in the parking lot between some members of the Byers party and some members of the Hahn party ensued. Todd, Steven, and Patricia each had some degree of involvement in the brawl. However, a review of the record discloses substantial issues of fact concerning the nature and extent of Patricia's participation.
This unfortunate incident came to a tragic end when Timothy Hahn twice drove his vehicle directly into Todd and Patricia, pinning them against the store's wall.[2] Todd died at the scene as a result of his injuries, and Patricia was seriously injured. Hahn was subsequently convicted of murdering Todd and attempting to murder Patricia.

II. THE CIRCUIT COURT'S RULING
Patricia and the personal representative of Todd's estate filed a negligence action against Hahn and The Radiant Group, L.L.C., the store's owner (the Owner). Steven asserted a claim for loss of consortium. After the action was at issue, the Owner moved for summary judgment. The circuit court granted the motion. The *508 circuit court ruled that when Todd and Patricia "changed their actions from customers to instigators of violence, they lost their status as business invitees and became uninvited licensees or trespassers." The circuit court concluded that the Owner did not breach any of the limited duties that it owed to Todd and Patricia as uninvited licensees or trespassers. Based on this reasoning, the circuit court dismissed with prejudice the action against the Owner. On appeal, Steven, Patricia, and the personal representative of Todd's estate challenge the circuit court's ruling.

III. THE STANDARD OF REVIEW
Review of a summary judgment is de novo, requiring a two-pronged analysis. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). First, a summary judgment is proper only if there is no genuine issue of material fact, viewing every possible inference in favor of the party against whom summary judgment has been entered. Huntington Nat'l Bank v. Merrill Lynch Credit Corp., 779 So.2d 396, 398 (Fla. 2d DCA 2000). Second, if there is no genuine issue of material fact, a summary judgment is proper only if the moving party is entitled to a judgment as a matter of law. Aberdeen at Ormond Beach, 760 So.2d at 130.

IV. ANALYSIS
A. The Owner's Argument
If the liability of a possessor of land is predicated on an alleged defective or dangerous condition on his or her property, the extent of the duty of care that the possessor of land owes to a visitor to the property depends on whether the visitor is an invitee, licensee, or trespasser.[3] Here, the Owner concedes that Todd and Patricia were initially invitees on the store's premises.[4] However, the Owner asserts that after the occupants of the Byers vehicle had completed their purchases at the store, they "purposely and intentionally stayed on the [Owner's] property to engage in a confrontation and physical brawl." Based on this assessment of the record, the Owner argues that "the [circuit] court was undeniably correct in ruling that the Byers had exceeded the scope of their invitation and devolved from invitees to uninvited licensees or trespassers." We disagree with the Owner's argument because the material disputed issues of fact before the circuit court at summary judgment precluded the circuit court from making such a ruling.
*509 B. A Visitor's Change in Status
The status of a visitor to land possessed by another may change from one of the three categories to another. See, e.g., Brant v. Matlin, 172 So.2d 902, 904 (Fla. 3d DCA 1965) (holding that the status of a social guest who was invited to the defendant's home to attend the bar mitzvah of the defendant's son changed from that of a licensee to an invitee when the defendant and his wife asked the guest to remain at the home after the event had concluded to take care of the house and to act as a governess for their children while the defendant and his wife went on vacation). The issue of the visitor's status as an invitee, licensee, or trespasser is to be determined as of the time that the visitor is injured. See Fla. E. Coast Ry. Co. v. Pickard, 573 So.2d 850, 855 (Fla. 1st DCA 1990); Brant, 172 So.2d at 904.
An invitee may lose his status and become a licensee or trespasser by going to a part of the premises that is beyond the scope of his or her invitation. See Sears, Roebuck & Co. v. McClain, 167 F.2d 130, 131 (5th Cir.1948) (apparently applying Florida law); Hickory House, Inc. v. Brown, 77 So.2d 249, 252 (Fla.1955); Dunlop v. Reynolds, 204 So.2d 754, 755 (Fla. 2d DCA 1967); Dougherty v. Hernando County, 419 So.2d 679, 681 (Fla. 5th DCA 1982). See generally W. Page Keeton et al., Prosser and Keeton on Torts § 61, at 424-25 (5th ed. 1984); Restatement (Second) of Torts § 332 cmt. l (1965). Similarly, "an invitee ceases to be an invitee after the expiration of a reasonable time within which to accomplish the purpose for which he is invited to enter, or to remain." Restatement (Second) of Torts, supra; see Keeton et al., supra, at 425.
C. Analysis
In this case, Patricia and Todd did not exceed the scope of their invitation by going to a part of the premises that was off-limits to customers of the store; the store's parking lot was an area designated for use by customers. Moreover, Patricia and Todd did not remain on the store premises for an unreasonable amount of time after they had completed their business at the store. As soon as Steven returned to Todd's vehicle with the milk and sandwiches, their party prepared to leave. It was at that point that the ill-fated episode in the parking lot began.
The circuit court did not rule that Patricia and Todd lost their status as invitees by entering a part of the store's premises that was off-limits to customers. Nor did the circuit court find that Patricia and Todd remained on the premises after the expiration of a reasonable amount of time to conclude their business. Instead, the circuit court concluded that Patricia and Todd forfeited their status as invitees solely because of their behavior on the property, i.e., when they became "instigators of violence." We find no support in Florida law for the proposition that a store patron can lose his status as an invitee and become an uninvited licensee or trespasser merely because he or she engages in a violent act or acts against other customers on the store's premises.[5] Indeed, to the *510 extent that Florida case law addresses this issue at all, it is to the contrary.
A person who is injured during a brawl with another person's assailant may still retain his status as an invitee on the premises where the brawl occurred. Hardy v. Pier 99 Motor Inn, 664 So.2d 1095 (Fla. 1st DCA 1995). In Hardy, a hotel patron witnessed a stranger stab the patron's friend. Id. at 1096. The patron then "brawled" with the stranger in the hotel parking lot, sustaining a serious stab wound. Id. The patron filed an action for damages against the hotel, the assailant, and a security guard who was on duty at the hotel when the incident occurred. Id. The circuit court entered a summary judgment in favor of the hotel and the security guard, and the patron appealed. Id. at 1097.
On appeal, the First District reversed the summary judgment that had been entered in favor of the hotel. Id. at 1098. The district court's opinion addressed the issue of the foreseeability of the criminal attack by the assailant rather than the patron's status as an invitee, a licensee, or a trespasser. Id. at 1097-98. Nevertheless, the First District's analysis assumed that the hotel patron's status as an invitee did not change after he "brawled" with a stranger in the parking lot. Thus the result in Hardy is consistent with the conclusion that we reach in this case.
We acknowledge the possibility that the commission of a particular act of violence on premises owned or occupied by another might cause an invitee to forfeit that status and to become an uninvited licensee or a trespasser. For example, if a person entered a convenience store to buy milk and decided on the spur of the moment to rob the store, that person might be deemed a trespasser rather than an invitee from the moment that the robbery began.[6]Cf. Iber v. R.P.A. Int'l Corp., 585 So.2d 367, 369 n. 4 (Fla. 3d DCA 1991) (stating in dicta that a woman who slipped on a piece of fruit and fell at the entrance to an office building could not "recover for her unfortunate encounter with the [overripe] mango if she had been entering the building to commit an armed robbery"); Hansen v. Cohen, 203 Or. 157, 276 P.2d 391, 392, 394 (1954) (holding that a parking lot patron who was assaulted by the lot attendant in a dispute over gambling winnings lost his status as an invitee and became a trespasser after he had paid the attendant and offered "to throw dice with him for a wager of his fifty cents change"), reh'g denied en banc, 203 Or. 157, 278 P.2d 898 (1955). That said, the extreme circumstances that characterize the foregoing hypothetical are not present in the undisputed facts available to us from the record.

V. CONCLUSION
Despite the presence of numerous issues of disputed fact, the circuit court decided this case on a motion for summary judgment. We have reviewed the circuit court's legal conclusion based on the limited facts in the record that appear to be undisputed. In the current posture of this case, we are compelled to hold that Patricia and Todd did not  as a matter of law  lose their status as invitees and automatically become uninvited licensees or trespassers merely because they participated in a brawl with other customers in the store's parking lot. The issue of whether Todd and Patricia's behavior in the parking lot caused either of them to lose their status as invitees and the related issue of whether the Owner may assert a partial or complete defense to liability based on that *511 behavior may raise additional questions of fact and law that can only be resolved at a trial.
For these reasons, we reverse the final summary judgment and remand this case to the circuit court for further proceedings.
Reversed and remanded.
VILLANTI, J., Concurs.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
I agree that there are disputed issues of fact in this case that deprive the trial court of the power to enter a summary judgment declaring that one or all of the Byers party were trespassers at the time they were injured. However, if a jury ultimately determines that a plaintiff in this action intentionally chose to remain on the property to engage in a public brawl, not as a matter of self-defense but simply to use violence to resolve a private disagreement, the jury should receive an instruction based on section 768.075(4), Florida Statutes (2003). I am inclined to believe that, as a matter of tort law, the jury should also be instructed that an intentional choice to remain on property for the purpose of committing or attempting to commit a felony exceeds the scope of the invitation of the convenience store and is legally sufficient to transform that plaintiff from an invitee at this convenience store into an uninvited licensee or a trespasser.
The plaintiffs' theory in this case is that the store employees had actual knowledge that the Hahn party had initiated a verbal altercation with the Byers party and that they knew or should have known the altercation had the potential to escalate into a physically violent situation. Although the store employees eventually called 911, the plaintiffs believe that reasonable store employees would have taken earlier steps to call the police or otherwise defuse the situation. They claim that a significant period of time, approximately twenty minutes, elapsed between the initial altercation and the ultimate fatal fracas. Thus, they theorize that an earlier response by the store employees would have prevented the death and injuries arising from the final fight. Although this theory is generally supported by case law, it only applies if the plaintiffs were invitees at the time of the incident. See Levitz v. Burger King Corp., 526 So.2d 1048, 1049 (Fla. 3d DCA 1988).
Radiant admits that the Byerses were initially invitees but contends that the Byerses exceeded the scope of their invitation by affirmatively choosing to remain on the property to engage in a brawl with the Hahn party. By exceeding the scope of the invitation, Radiant maintains that the Byerses became either uninvited licensees or discovered trespassers to whom its employees owed no duty except to keep from willfully and wantonly injuring them, or intentionally exposing them to danger. See Post v. Lunney, 261 So.2d 146, 147 (Fla.1972).
The majority is correct that the evidence in the record at this time presents many disputed issues of fact. The majority opinion, however, emphasizes those facts that establish the Byerses as invitees. I think it is useful to understand the disputed facts about the brawl that caused the trial court to conclude that it could decide as a matter of law that the Byerses had become trespassers. While the trial court's ruling was not legally correct, there is a very legitimate issue as to whether the Byerses had ceased to be invitees at the time they were injured. Thus, the disputed facts as they currently exist in this record warrant a more complete description.
*512 As may be expected, the details of this event vary depending upon the perspective of the different eyewitnesses. Generally, however, the record reflects that the physical altercation between the Hahns and the Byerses came about as a result of a traffic dispute. The Byerses claim that they were in the process of pulling out of a parking spot at the convenience store when the Hahn vehicle pulled into an adjacent spot driving approximately 30 m.p.h. According to the Byerses, the two cars nearly collided as a result. In response, Todd Byers began yelling obscenities and making obscene gestures.
It is unclear what happened next. Courtney Bryant, a member of the Hahn party, claims that the fight began because Todd Byers, who was driving the Byers vehicle, opened his door, stuck one foot out, reached under his seat, and claimed to have a gun. If this is true, it is unclear why any member of the Hahn party chose to exit their vehicle.
Patricia and Steve Byers claim that the fight began when Eddie Prince went to the trunk of the Hahn car, pulled out a bat, and approached the Byers vehicle. When Eddie Prince approached the Byers car, it appears that all four members of the Byers party were still within the vehicle. Rather than remaining in their car or departing the premises, the Byerses exited their vehicle, at which point Todd Byers was attacked by Eddie Prince. In the ensuing fight, Todd Byers ultimately obtained control of the baseball bat. He then repeatedly beat Eddie Prince with the bat. Todd Byers then began beating the Hahn vehicle with the bat. Timothy Hahn was in the driver's seat at that time, and he stepped on the car's accelerator, throwing Todd Byers up against the wall of the store. This resulted in Todd Byers' death.
Patricia Byers' situation was significantly different; she exited the Byers vehicle after her brother-in-law, Todd Byers, at which point she claims she was immediately attacked by Courtney Bryant, a woman from the Hahn party. Patricia Byers claims that Courtney Bryant grabbed her by the hair and shoulders and pushed her to the ground and that she was unable to detach herself from this fight until she was aided by a compatriot. Immediately thereafter, Patricia Byers approached Todd Byers, who by that time was beating the hood of the Hahn vehicle with the baseball bat. She attempted to pull him away from the fight and tried to convince him to leave the parking lot. It was at this point that she too was hit by the car driven by Timothy Hahn.
I admit that Florida case law has limited discussion of the types of conduct that can transform a business invitee into an uninvited licensee or trespasser. We have discussed conduct that exceeds the scope of the invitation by straying outside what Prosser refers to as the "area of invitation." See W. Page Keeton et al., Prosser and Keeton on Torts § 61, at 424 (5th ed. 1984). Thus, Florida cases have held that "[i]f a person, though on the premises by invitation, goes to a place not covered by the invitation, the owner's duty of care owed to that person as invitee ceases forthwith." IRE Fla. Income Partners, Ltd. v. Scott, 381 So.2d 1114, 1117 (Fla. 1st DCA 1979); see Cmty. Christian Ctr. Ministries, Inc. v. Plante, 719 So.2d 368, 370 (Fla. 4th DCA 1998).
Florida case law, however, has not extensively discussed the types of conduct within an area of invitation that can transform an invitee into a trespasser. The legislature, however, has enacted section 768.075(4), which prevents a property owner from being held liable under a negligence theory to an individual who is injured *513 while committing or attempting to commit a felony. Cf. Iber v. R.P.A. Int'l Corp., 585 So.2d 367, 369 n. 4 (Fla. 3d DCA 1991) (noting the importance of considering a business visitor's subjective purpose as "no one would think that Ms. Iber could recover for her unfortunate encounter with the mango if she had been entering the building to commit an armed robbery"). I conclude that the jury in this case should be instructed on this statute.
In this case, there is significant evidence that would support a theory that Todd Byers was engaged in the commission of a felony at the time he was killed. See, e.g., § 784.045, Fla. Stat. (2003) (defining aggravated battery). However, whether Mr. Byers was committing aggravated battery at the time he was killed depends on whether his use of force was justifiable. See § 776.012, Fla. Stat. (2003) (delineating the circumstances in which an individual can justifiably use force against another in self-defense); § 776.031 (delineating the circumstances in which an individual can justifiably use force against another in defense of others). But see § 776.041 (restricting the circumstances in which an individual, who was the aggressor, can justify the use of force as self-defense or defense of others). Accordingly, the application of section 768.075(4) to Mr. Byers' claim presents a jury issue.
It is less clear whether the evidence would support a finding that Patricia Byers was committing or attempting to commit a felony at the time of her injuries. If she was not committing a felony, it is unclear whether her participation in the brawl was sufficient to deprive her of the status of invitee. Cf. Hardy, 664 So.2d 1095 (holding that patron did not lose his invitee status when he became engaged in a brawl in order to defend his friend who had just been stabbed by a stranger).
In other jurisdictions, it is well recognized within tort law that, without entering restricted territory, a business invitee can exceed the scope of the invitation implied by a business that is open to the public when the business invitee intentionally engages in unreasonably dangerous conduct. See, e.g., Barry v. S. Pac. Co., 64 Ariz. 116, 166 P.2d 825, 828 (1946) (noting that appellant was a "licensee as long as he remained upright and used the pathway as a place to walk and cross the tracks. When he lay down between the tracks and went to sleep, he was a trespasser"); Bird v. Clover Leaf-Harris Dairy, 102 Utah 330, 125 P.2d 797, 798 (1942) (holding that when plaintiff, who was initially an invitee, failed to "use the owner's premises in the usual, ordinary, and customary way . . . he became . . . at best a mere licensee"); Page v. Town of Newbury, 113 Vt. 336, 34 A.2d 218, 220 (1943) (noting that "one entering [as an invitee or licensee] may become a trespasser by committing active and positive acts not included in the terms of his license or authority to enter"); see also Nicoletti v. Westcor, Inc., 131 Ariz. 140, 639 P.2d 330, 333 (1982) (noting that the duty owed to a business invitee, as defined in the Restatement Second of Torts § 332 (1965), "may be diluted or extinguished if the invitee engages in explicitly or impliedly unpermitted activities"). In other words, intentionally dangerous conduct by the business invitee is not a matter of comparative negligence vis-à-vis the business owner's duty to invitees, but a circumstance that transforms the invitee into an uninvited licensee or trespasser to whom the business owner owes a substantially reduced duty. In Florida this tort law is partially incorporated into section 768.075(4), which prevents proprietors from being held liable to an individual who is injured while committing or attempting to commit a felony. See also 62 Am.Jur.2d Premises Liability § 108 (2007); cf. Iber, 585 So.2d at 369 n. 4. This issue has not *514 been thoroughly briefed, and the trial court should be allowed to further consider this legal issue on remand.
Finally, the timing of the events occurring during this altercation may prove critical in determining the status of Patricia or Todd Byers and the moment at which that status may have changed. It is possible that the Byerses maintained their status as invitees up and until a time at which the jury could conclude the store employees had a duty to intervene and protect the Byerses from members of the Hahn party, even if the Byerses thereafter engaged in conduct that exceeded the scope of their invitation. This, too, raises a difficult issue, not briefed in this appeal, regarding what point in time is critical in determining when a person's status on property changesat the time the duty to the invitee is breached or at the time the injury actually occurs.
NOTES
[1] The materials that the parties relied on at the hearing on the appellee's motion for summary judgment were voluminous. They included affidavits, photographic and documentary evidence, excerpts from the testimony taken at the criminal trial of one of the participants in the events at issue, and numerous depositions given by the parties and witnesses. The accounts offered by the parties and witnesses concerning the incident that occurred at the Radiant Food Store on September 14-15, 2003, are not completely consistent and frequently conflict about significant details. The limited account of the events at the store offered in this opinion is based on facts that do not appear to have been in dispute.
[2] Courtney Bryant's account of how Todd sustained his injuries was slightly different. In her version, Todd was standing on the hood of the Hahn vehicle, beating the windshield with a baseball bat. When Hahn drove forward, Todd was thrown from the vehicle into the store's wall.
[3] For a discussion of the three categories of visitors to land possessed by another and the duty of care owed to a visitor to the property resulting from the applicable category, see Wood v. Camp, 284 So.2d 691 (Fla.1973); Post v. Lunney, 261 So.2d 146 (Fla.1972); and Lukancich v. City of Tampa, 583 So.2d 1070 (Fla. 2d DCA 1991). See also § 768.075, Fla. Stat. (2003) (limiting the liability of "[a] person or organization owning or controlling an interest in real property, or an agent of such person or organization" to persons under the influence of alcohol or controlled substances, to trespassers, and to persons who attempt to commit or who commit a felony on the property). If the liability of a possessor of land to a visitor is predicated on the possessor's active conduct or affirmative negligence rather than the condition of the property, then the principles of ordinary negligence apply in determining the issue of liability. See Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967, 968 (Fla.1977); Hix v. Billen, 284 So.2d 209, 210 (Fla.1973).
[4] Steven's loss of consortium claim is derivative of Patricia's liability claim. See Gates v. Foley, 247 So.2d 40, 45 (Fla.1971); Commercial Clean-Up Enters., Inc. v. Holmquist, 597 So.2d 343, 344 (Fla. 2d DCA 1992). Accordingly, the question of whether Steven's status on the store's premises changed from that of an invitee to that of an uninvited licensee or trespasser is not material to a determination of the issue under review.
[5] We have not overlooked section 768.075(4), which provides:

A person or organization owning or controlling an interest in real property, or an agent of such person or organization, shall not be held liable for negligence that results in the death of, injury to, or damage to a person who is attempting to commit a felony or who is engaged in the commission of a felony on the property.
Notably, the circuit court did not rule that either Patricia or Todd had attempted to commit or had committed a felony on the store's premises. Accordingly, section 768.075(4) does not provide support for the circuit court's decision.
[6] In circumstances where section 768.075(4) is applicable, the visitor's status as an invitee, licensee, or trespasser on the property appears to be immaterial.