PER CURIAM.
The appellant/plaintiff, Faygie Denniser, appeals the final summary judgment entered in favor of Columbia Hospital Corporation of South Broward (Columbia) after a slip and fall on a wet floor. The appellant raises two issues on appeal. First, she alleges that the trial court erred in finding her status as an uninvited licensee or trespasser was uncontested. Second, she argues that there was a genuine issue of material fact as to whether Columbia knew of the wet floor and her presence in the kitchen before her fall, but still failed to warn her. We affirm on the first point and reverse on the second.
The appellant was a frequent visitor to the hospital during her mother’s week-long stay. On one visit, she went into a kitchen *28 through a closed, unlocked door to get some tea. Inside the kitchen area, she allegedly slipped and fell on the wet floor causing injury. After falling, the appellant claims that a person dressed in hospital scrubs, presumably a hospital employee, said to her “Be careful. It’s wet.” Thereafter, she sued Columbia, asserting that as an invitee, the hospital breached its duty of care by failing to warn her of the concealed and dangerous condition of the floor. Columbia’s risk manager testified in an affidavit that the subject kitchen area is for use only by the employees and staff of the hospital and “is not to be used by patients and/or visitors of the Hospital.” A sign posted on the wall next to the entry door read “PANTRY” and “STAFF ONLY.” There was no evidence that the appellant was ever given permission to enter the kitchen.
Columbia moved for summary judgment arguing that the appellant lost her status as an invitee and became an uninvited licensee or trespasser by going into an area of the hospital that was beyond the scope of her invitation. As such, Columbia asserted that it was only required to warn the appellant of concealed dangers if her trespass was discovered. The hospital denied that, any employee was aware of the appellant’s presence in the kitchen before she fell. After a hearing, the trial court granted Columbia’s motion for summary judgment.
We affirm the trial court’s order on the appellant’s status as uninvited licensee or trespasser. No genuine issue of material fact was presented to dispute that the appellant lost her status as an invitee by going into a part of the premises that was beyond the scope of her invitation. See Byers v. Radiant Grp., L.L.C., 966 So.2d 506, 509 (Fla. 2d DCA 2007).
A duty to warn an uninvited licensee or trespasser of any known, concealed dangers arises only when the owner discovers their presence. See Wood v. Camp, 284 So.2d 691, 693 (Fla.1973). In its motion for summary judgment, Columbia cited the appellant’s deposition testimony that she did not. see anybody in the kitchen before she fell. However, as Columbia concedes on appeal, this page of the deposition was not attached to the summary judgment motion or pretrial filings, nor was it included within the record on appeal.[1] This was the only evidence Columbia relied on to support its contention that the appellant was an undiscovered trespasser.
A trial court’s order for summary judgment must be reversed when there is no sworn evidence, in the record, to support that motion. See Servedio v. U.S. Bank Nat’l Ass’n, 46 So.3d 1105, 1107 (Fla. 4th DCA 2010) (reversing summary judgment where the record on appeal did not contain any admissible evidence to support summary judgment); see also TRG-Brickell Point NE, Ltd v. Wajsblat, 34 So.3d 53, 55 (Fla. 3d DCA 2010) (holding that the trial court could not enter partial summary judgment absent any summary judgment evidence in the record); Schrank v. Pearlman, 683 So.2d 559, 563 (Fla. 3d DCA 1996) (holding competent evidence must support a motion for summary judgment). Without record evidence that the appellant’s presence in the kitchen was not known before she fell, the facts were not sufficient to enable the trial court to reasonably determine that no genuine issue of material fact existed. Therefore, *29 summary judgment on this ground was improper. See Singer v. Star, 510 So.2d 637, 641 (Fla. 4th DCA 1987).
For these reasons, we reverse the final summary judgment and remand this case to the trial court for further proceedings.

Affirmed in part, Reversed in part and Remanded.

DAMOORGIAN, C.J., GROSS and KLINGENSMITH, JJ., concur.

. The record on appeal also did not include the transcript of the summary judgment hearing.