IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2015 Term

_____

No. 14-0258

_____

FILED

**February 12, 2015**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

DAVID RAGONESE,
Plaintiff Below, Petitioner

v.

RACING CORPORATION OF WEST VIRGINIA,
d/b/a MARDI GRAS CASINO AND RESORT,
a West Virginia Corporation,
Defendant Below, Respondent

_____

Appeal from the Circuit Court of Kanawha County
Honorable Paul Zakaib, Jr., Judge
Civil Action No. 13-C-1092

REVERSED

_____

Submitted:  January 28, 2015
Filed:  February 12, 2015

Connor D. Robertson, Esq.          William J. Cooper, Esq.
Richard W. Weston, Esq.            Megan Fulcher Bosak, Esq.
Weston Law Office                 Kiersan Smith Lockard, Esq.
Huntington, West Virginia         Flaherty Sensabaugh Bonasso PLLC
Counsel for Petitioner            Charleston, West Virginia
                                  Counsel for Respondent

JUSTICE LOUGHRY delivered the Opinion of the Court.
JUSTICES BENJAMIN and KETCHUM concur and reserve the right to file concurring opinions.

SYLLABUS BY THE COURT

1. "The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. American Travellers Life Ins. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998).

2. "A trespasser is one who goes upon the property or premises of another without invitation, express or implied, and does so out of curiosity, or for his own purpose or convenience, and not in the performance of any duty to the owner." Syl. Pt. 1, *Huffman v. Appalachian Power Co.*, 187 W.Va. 1, 415 S.E.2d 145 (1992).

3. Where factual issues exist as to whether an invitee has forfeited his or her status by going to a portion of the premises to which the invitation of usage may not extend, those issues should be resolved by a jury.

LOUGHRY, Justice:

The petitioner, David Ragonese, appeals from the February 7, 2014, order of the Circuit Court of Kanawha County denying his motion to alter or amend the trial court's grant of summary judgment to the respondent, Racing Corporation of West Virginia, d/b/a/ Mardi Gras Casino and Resort (hereinafter the "Casino").[1]  As grounds for a reversal, the petitioner argues that the trial court erred in classifying him as a trespasser under the facts of this case and submits that there are genuine issues of material fact to be decided by a jury. Upon our careful review of the record submitted in this case, we agree and, accordingly, reverse.

## I.  Factual and Procedural Background

On July 6, 2011, the petitioner and his wife checked into the Casino's hotel at 3:51 p.m.[2]  After spending an hour in their hotel room, they walked across the skyway bridge[3] that connects the hotel to the Casino to gamble.  Mr. Ragonese and his wife gambled over the next several hours, taking intermittent smoking breaks and a dinner break.  Two of

---

[1]The summary judgment ruling was entered by the trial court on December 16, 2013.

[2]Following a trip to North Carolina, the Ragoneses decided to stop at the Casino on their way home to New York.

[3]The skyway bridge is an elevated, enclosed walkway that goes from the inside of the hotel, across the roadway separating the hotel and Casino, and connects to the second floor of the Casino.  Hotel patrons, after walking across the skyway bridge, are able to descend to the first floor of the Casino by means of an escalator.

1

these smoking breaks took place at the "side" or "bus stop entrance" to the Casino–a location directly facing a six-foot high retaining wall that extends along the roadside perimeter of the property on which the hotel is situated.

Around 9:30 p.m., Mr. Ragonese exited the Casino through the side entrance. He crossed the street near the base of the retaining wall, turned left and continued walking approximately 125 feet with the retaining wall parallel to his right shoulder as he proceeded up the inclined roadway. Upon reaching the hotel's driveway, Mr. Ragonese took a shortcut up a grassy slope to the main entrance. He entered the hotel and spoke briefly with a desk clerk about whether he could get a discount on his room rate or have the room on a complimentary basis.

At 9:34 p.m., Mr. Ragonese walked out the front door of the hotel. After glancing to his left and noticing his wife standing outside the side entrance of the Casino, he decided to take a shortcut to the Casino. Rather than utilizing the skyway bridge or the roadway that he had just perambulated, Mr. Ragonese stepped through a line of shrubbery and then proceeded down a steep, grassy hillside. According to his deposition testimony, the petitioner was fully aware of the retaining wall just five minutes earlier when he was traipsing up the roadway towards the hotel. In confirmation of this awareness, he testified that you "[c]an't miss it." Mr. Ragonese submits that he simply forgot about the wall's

2

existence when, just minutes later, he began his descent down the sharply sloped hillside. Due to his fall onto the roadway from that retaining wall, Mr. Ragonese sustained a spiral fracture of his left leg.[4]

On June 6, 2013, Mr. Ragonese filed a complaint against the Casino, alleging negligence for its failure to protect him, a guest of the Casino, from the dangerousness of the retaining wall. This case proceeded to discovery[5] and the Casino subsequently moved for summary judgment.[6] In support of its motion, the Casino asserted that Mr. Ragonese was barred from recovery as he was no longer a business invitee, but a trespasser, at the time of his injury. Because the Casino did not breach the duty it owed to Mr. Ragonese as a trespasser–to refrain from engaging in willful or wanton behavior–the Casino argued it was

---

[4]After receiving medical attention locally, Mr. Ragonese chose to return to New York for additional treatment, which involved surgical implantation of screws to stabilize his leg bone.

[5]In addition to faulting the trial court for its failure to issue a scheduling order, the petitioner complains that the discovery phase of this case was abbreviated. He asserts that outstanding discovery responses in need of supplementation should have prevented this case from being disposed of through summary judgment. We note that Mr. Ragonese did not file a Rule 56(f) affidavit for the purpose of identifying any specific discovery that he proposed to pursue. *See* Syl. Pt. 1, *Powderidge Unit Owners Ass'n v. Highland Props., Ltd.,* 196 W.Va. 692, 474 S.E.2d 872 (1996). In view of our decision to reverse this matter, we find it unnecessary to further address this issue.

[6]While the original motion was filed on November 8, 2013, the Casino filed a revised motion for summary judgment on November 21, 2013, based on the issuance of this Court's decision in *Hersh v. E-T Enterprises*, 232 W.Va. 305, 752 S.E.2d 336 (2013). In its revised motion, the Casino stated that the issues asserted in its original motion predicated on the duty of care owed to an invitee are, under *Hersh*, questions of fact to be decided by a jury.

3

entitled to judgment as a matter of law. In response, Mr. Ragonese insisted that he remained a business invitee at the time of the injury and that genuine issues of material fact were required to be submitted to and resolved by a jury.

In ruling upon the Casino's motion for summary judgment,[7] the trial court began its brief analysis by recognizing that Mr. Ragonese had actual knowledge of both the retaining wall and the hillside. Addressing Mr. Ragonese's status, the trial court opined: "At the point Plaintiff walked past the bushes and shrubbery and proceeded down the hillside, he exceeded the scope of his invitation as an invitee and became a trespasser." Applying the standard of care that governs trespass, the court concluded that the Casino "did not breach the duty of care owed to Plaintiff, as Defendant did not willfully or wantonly injure Mr. Ragonese; and Defendant did not act with premeditation, knowledge, or consciousness that Plaintiff would injure himself by trespassing and falling off the retaining wall." By order entered on December 16, 2013, the trial court granted summary judgment to the Casino after finding no genuine issues of material fact regarding the circumstances surrounding Mr. Ragonese's fall or the Casino's compliance with the duty of care it owed to him as a trespasser.

On December 27, 2013, Mr. Ragonese filed a motion to alter or amend the

---

[7]The trial court heard argument on the motion on December 16, 2013.

4

summary judgment ruling. *See* W.Va. R. Civ. P. 59(e). In support of his request for relief, the petitioner argued that the circuit court improperly relied on its judgment regarding the status of Mr. Ragonese at the time of his injury despite the existence of genuine issues of fact concerning that determination as well as the issue of whether the Casino acted wilfully and wantonly towards him. Additional grounds asserted by the petitioner include the trial court's failure to address his alternative argument of being a technical trespasser[8] and to acknowledge his request for a continuance to allow for the completion of additional discovery.

After reviewing the Casino's response to the motion to alter or amend and hearing arguments of counsel on these issues, the trial court found that the requirements for relief under Rule 59(e) had not been met. *Id.* Specifically, the trial court determined that there had not been an intervening change in controlling law; no new evidence had come to light that was not previously available to the court; and there was no need to remedy a clear error of law or to prevent an obvious injustice. Consequently, the trial court ruled that Mr. Ragonese had failed to provide evidence sufficient to warrant an alteration of its grant of summary judgment. It is from this ruling that the petitioner seeks relief.

---

[8]*See, e.g., Huffman v. Appalachian Power Co.*, 187 W.Va. 1, 5, 415 S.E.2d 145, 149 (1992) ("Where the trespass is merely technical . . . the possessor of the property is not insulated from liability for his failure to exercise reasonable care.").

## II. Standard of Review

As we recognized in syllabus point one of *Wickland v. American Travellers Life Insurance Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998), "[t]he standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Because the underlying ruling challenged by the petitioner pursuant to Rule 59(e) was a grant of summary judgment, our review is plenary. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). In conducting our de novo review, we consider that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963). It is axiomatic that "any doubt as to the existence of such issue is resolved against the movant for such judgment." *Id.* at 161, 133 S.E.2d at 772, syl. pt. 6, in part. Guided by these precepts, we proceed to consider whether there are issues of fact that preclude summary judgment in this matter.

## III. Discussion

In deciding that the petitioner was a trespasser at the time of his injury, Mr. Ragonese maintains that the trial court reached a conclusion regarding his legal status that

is contrary to both the facts of this case and the law. The petitioner insists that his status as a business invitee was not transformed to that of a trespasser with his decision to step off the sidewalk and onto the grounds of the hotel property. In contrast to the prototypical trespass scenario where "no trespass" signs have been posted and ignored, Mr. Ragonese observes that in this case there were no warning signs or directives from hotel employees to keep off the lawn and hillside area. Additionally, he cites to the fact that he did not jump a fence or furtively sneak into a private area of the Casino premises. Mr. Ragonese further submits that the shrubbery through which he easily passed to gain access to the lawn was not intended to serve as a barrier. He maintains that no one invited to a recreational business premise such as the Casino would believe they were trespassing on the property by the mere act of walking onto the lawn.[9]

To determine whether the trial court wrongly classified Mr. Ragonese as a trespasser, we first consider the parameters of that status. In syllabus point one of *Huffman v. Appalachian Power Co.*, 187 W.Va. 1, 415 S.E.2d 145 (1992), we held that "[a] trespasser is one who goes upon the property or premises of another without invitation, express or implied, and does so out of curiosity, or for his own purpose or convenience, and not in the performance of any duty to the owner." Applying this definition to the specifics

---

[9]In illustration of this point, the petitioner argues that an individual who passes through the landscaping bushes onto the grass to smoke a cigarette would not be viewed as a trespasser.

of his situation, the petitioner argues that he cannot qualify as a trespasser because he was an invited guest in a publicly accessible area of the Casino premises which was not demarcated in any fashion as being off limits to guests.

As support for its position that Mr. Ragonese was a trespasser, the Casino relies on the definitional clause in *Huffman* referencing the uninvited use of property "for his [the trespasser's] own purpose or convenience." *Id.* at 2, 415 S.E.2d at 146, syl. pt. 1, in part. When the petitioner decided to take a shortcut to reach his wife, he was utilizing the property beyond the scope of his invitation[10] and for his own purposes. As a result, the Casino reasons that Mr. Ragonese was necessarily trespassing as he traversed the grassy hillside. Articulating the scope of the petitioner's permissible use of the Casino property, the trial court opined during the summary judgment hearing:

> He was an invitee for the purpose of gambling and the purpose of being at the hotel. There was no activity, gambling activity or sleeping activity on the hillside there. Once he came down the hill, he tried to come down, he then became a trespasser because he was not permitted to be there.

In seeking summary judgment, the Casino relied upon *Roland v. Langlois*, 945 F.2d 956 (7th Cir. 1991), as support for its position that Mr. Ragonese was no longer an

---

[10]The Casino submits that the scope of the petitioner's "invitation extended only to where the public is invited, i.e., the casino, hotel, entrances, designated walkways, and the parking lot."

invitee when he passed through the bushes onto the grounds. The plaintiff in *Roland* took a shortcut through a gap in a fenced-off area surrounding a carnival ride. After gaining access to the ride's operational area, he sustained serious brain injuries when the ride struck his head. *Id.* at 958-59. While *Roland* is factually and legally distinct from the case before us, the court's recognition that "invitees can forfeit their protected status by going to a portion of the premises to which the invitation does not extend" is both instructive and applicable to the issues presented in this case. 945 F.2d at 959 (internal citation omitted).

The Casino unduly emphasized the court's recognition in *Roland* that "'the mere fact that you invite people onto your property for a fee does not make them business invitees on the rest of the property.'" *Id.* (citing *Orthmann v. Apple River Campground, Inc.,* 757 F.2d 909, 912 (7th Cir. 1985)). That point is easily demonstrated in the instance of a paid recreational activity which involves instrumentalities commonly recognized to be both off limits and dangerous, such as the cordoned mechanical operations of a carnival ride. More difficult is the situation presented by the instant case where a business invitee sustains injury while utilizing an area of the establishment not clearly demarcated as private and off limits. Where a consensus does exist, however, is that the decision regarding a change in an invitee's status may be a factual question in need of jury determination.

In *Community Christian Center Ministries, Inc. v. Plante*, 719 So.2d 368 (Fla.

9

Dist. Ct. App. 1998), the trial court ruled as a matter of law that the plaintiff, who exited a convenience store and was injured while climbing upon a bookcase on a section of the shopping plaza area, was a business invitee. The appellate court reversed, determining that a jury question existed as to whether the plaintiff exceeded the scope of his invitation when he decided to climb the bookcase situated on a grassy area that was not roped off or barricaded in any manner. *Id.* at 370. At trial, the jury would be required to consider whether this area was a place that the defendants should have reasonably anticipated that the plaintiff would go. In considering the scope of an invitee's invitation, the appellate court recognized that "[t]he duty to keep the premises safe for invitees extends to all portions of the premises that are included in the invitation and that are necessary or convenient for the invitee to visit or use in the course of the business for which the invitation was extended." *Id.* (internal citations omitted).

The issue of a visitor's status as an invitee or trespasser is to be determined as of the time that the visitor is injured. *See Byers v. Radiant Group, L.L.C.*, 966 So.2d 506, 509 (Fla. Dist. Ct. App. 2007); *Nelsen v. Nelsen*, 23 P.3d 424, 427 (Or. App. 2001) ("A visitor's status can change while on the premises; thus, one's status in a negligence action is determined at the time of the injury, not at the time of entry onto the premises."). In *Byers*, the trial court concluded that the plaintiffs lost their status as invitees based on their

10

participation in a brawl in the parking lot of the store they had just frequented.[11] Discussing

factors that control a visitor's status, the appellate court considered that the plaintiffs did not

go to a part of the premises that was off-limits to customers and they did not remain on the

premises for an unreasonable amount of time after completing their business. 966 So.2d at

509. In rejecting the trial court's conclusion that the plaintiffs became either uninvited

licensees or trespassers when their actions changed from customer to violence instigator, the

appellate court ruled that questions of fact regarding whether their behavior in the parking

lot caused either of the plaintiffs to lose their status as invitees precluded the resolution of

this matter by summary judgment. *Id.* at 510.

In this case, the trial court viewed the petitioner's actions of passing through

the shrubbery and proceeding down the hillside as determinative with regard to the related

issues of status and duty. In deciding that Mr. Ragonese lost his status as an invitee based

on his peripatetic actions, the trial court reached a conclusion which involved a mixed

question of law and fact. *See Kopczynski v. Barger*, 887 N.E.2d 928, 931 (Ind. 2008)

("[T]he existence of a duty is ordinarily a question of law for the court to decide, but it may

turn on factual issues that must be resolved by the trier of fact."); *Rhodes v. Wright,* 805

---

[11]Just as the plaintiffs and two other vehicle occupants were starting to pull out of the store's parking lot, another vehicle with four individuals drove up. Due to a prior driving-related issue, an altercation that involved baseball bats ensued. One of the plaintiffs died at the scene and the other individual was seriously injured.

N.E.2d 382, 386 (Ind. 2004) ("While it is clear that the trial court must determine if an existing relationship gives rise to a duty, it must also be noted that a factual question may be interwoven with the determination of the existence of a relationship, thus making the ultimate existence of a duty a mixed question of law and fact.") (citations omitted). Because the issue of whether his actions served to change his status from that of invitee to trespasser was in dispute, we conclude that the trial court usurped the proper role of a fact finder. Where, as in this case, factual issues exist as to whether an invitee has forfeited his or her status by going to a portion of the premises to which the invitation of usage may not extend, those issues should be resolved by a jury.

Contrary to the position advanced by the Casino that no material facts exist regarding the issue of Mr. Ragonese's status, we find multiple issues of disputed fact that bear on this subject. Among the issues to be resolved are whether the petitioner was in an area that the public was either invited to use or its use should have been reasonably anticipated.[12] *See* Restatement (Second) of Torts § 332 cmt. l (1965) ("Since the status of the visitor as an invitee may depend upon whether the possessor should have known that the visitor would be led to believe that a particular part of the premises is held open to him, the question is often one of fact for the jury. . . ."). Another relevant factual inquiry to be

---

[12]The record indicates that ten months earlier another incident involving the retaining wall occurred.

12

decided is whether the shrubbery, as it existed on the date of injury,[13] served as a proper barrier or, alternatively, as an indicator of prohibited usage. *See, e.g., Pickering v. Caesars Riverboat Casino, LLC,* 988 N.E.2d 385, 393 (Ind. App. 2013) (finding that plaintiff's decision to disregard barrier comprised of barrels, saw horse, and caution tape used by owner to visibly restrict access to rooftop section of parking garage transformed invitee's status to licensee). Essentially, what the jury will be required to decide is whether Mr. Ragonese acted in a manner that was inconsistent with the scope of his invitation to use the Casino premises. *See McElhaney v. Marc Glassman, Inc.*, 882 N.E.2d 455, 462 (Ohio Ct. App. 2007) ("The scope of an invitation to use premises includes only such areas of the premises as the invitee is led reasonably to believe are held open to him."); *Botka v. Estate of Hoerr*, 21 P.3d 723, 728 (Wash. App. 2001) ("The scope of an invitation depends on what the invitee is to do on the premises, as well as on where the invitee may reasonably be foreseen to go."). Once the jury resolves these issues that weigh upon the petitioner's status at the time of his injury, then the related determinations of what duty the Casino owed to Mr. Ragonese and whether that duty was breached can be addressed.

---

[13] According to the petitioner's affidavit, the Casino installed a fence in proximity to the shrubbery subsequent to his injury.

## IV. Conclusion

Based on the foregoing, the decision of the Circuit Court of Kanawha County is reversed.

Reversed.

.